HOME STORES, INC., *v.* PARKER.

(*Knoxville,* September Term, 1942.)

Opinion filed December 5, 1942.

A. A. KELLY, of South Pittsburg, for plaintiff Parker.

WILLIAMS, REYNOLDS & MOORE, of Chattanooga, and RAULSTON & RAULSTON, of South Pittsburg, for defendant Home Stores, Inc.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This case is before the court on petition of defendant in error for writ of *certiorari* to the Court of Appeals. The opinion of the Court of Appeals, speaking through Mr. Justice ARTHUR CROWNOVER, so clearly sets forth the facts of the case and the applicable law that we here set forth the same.

"This is an action, brought by Harvey Lee Parker, a minor, by his next friend, Kate Parker, to recover damages for personal injuries received in an automobile accident.

"Arthur Harding, truck driver for Home Stores, Inc., had been instructed not to permit riders on his truck. He permitted Harvey Lee Parker, aged 12 years, and seven other boys to ride in his trailer. He suddenly applied the brakes at a road intersection, which caused Harvey Lee to be thrown against the front of the trailer, resulting in the breaking of his collar bone.

"The plaintiff's declaration contained two counts. In the first count it was averred that the defendant's driver was guilty of negligence, and in the second count that he was guilty of gross or wanton negligence, in suddenly applying his brakes.

"The defendant pleaded the general issue of not guilty.

"The case was tried by the judge and a jury.

"At the close of the plaintiff's evidence the defendant moved the court for peremptory instructions in its favor

on both counts of the declaration, which motion was overruled.

"At the conclusion of all the evidence the defendant moved the court for peremptory instructions in its favor on the second count of the declaration, on the ground that there was no evidence of gross negligence on the part of the defendant, which motion was sustained and the jury was directed to return a verdict for the defendant on this count, from which judgment there was no appeal.

"The defendant then moved the court for peremptory instructions in its favor on the first count of the declaration on the grounds that there was no evidence of ordinary negligence on its part, and further that the evidence showed that the truck driver had been instructed not to permit or invite strangers to ride in its truck, therefore the plaintiff was a trespasser, to whom the defendant was liable only for gross negligence, and as the trial judge had directed a verdict on the ground that there was no evidence of gross negligence a verdict should be directed for the defendant and the action dismissed. This motion was overruled.

"The cause was submitted to the jury on the first count and the jury returned a verdict of $600.00 in favor of the plaintiff against the defendant, and judgment was entered accordingly.

"The defendant's motion for a new trial was overruled and it appealed in error to this court and has assigned errors as follows:

"(1) There is no evidence to sustain the verdict, and the court erred in refusing to grant peremptory instructions in defendant's favor.

"(2) The court, having directed a verdict on the count as to gross and wanton negligence, erred in not direct-

ing a verdict on the first count as to ordinary, simple negligence, as the truck driver had no authority to invite strangers to ride in the defendant's truck, and in so doing he was acting outside the scope of his employment, and the plaintiff was a trespasser, to whom the defendant owed no duty except to see that he was not willfully and wantonly injured.

"(3) The court erred in refusing to charge the defendant's special requests.

"The Home Stores, Inc., a corporation operating a chain of grocery stores, on August 4, 1941, sent a truck load of groceries from its warehouse at Chattanooga, Tenn., to be delivered to one of its stores at Jasper and two at South Pittsburg.

"The truck had a large trailer with sheet metal body, enclosed on the front and sides, with door and gate at the rear. The cab was separated from the trailer.

"The driver, Arthur Harding, had been instructed not to permit anybody to ride on his truck.

"When he reached the Jasper store eight boys, of the ages of ten to fifteen years, asked permission to ride in the trailer to South Pittsburg and return. Among them was the plaintiff, Harvey Lee Parker, aged twelve years. The driver permitted them to ride.

"In South Pittsburg the boys helped the driver unload the groceries.

"On the return trip from South Pittsburg to Jasper one boy rode in the cab with the driver and the other boys, including Harvey Lee Parker, rode in the trailer.

"One boy sat on the floor, but the others stood up in the trailer and swayed about with the movement of the trailer, and ran from side to side as it swayed around curves.

"The driver was operating the truck at a speed of about forty miles an hour as he approached the intersection of the main U. S. Highway leading from Nashville to Chattanooga. When he was about 50 feet from the intersection he suddenly applied his brakes, both foot and hand brakes, and, according to some witnesses, brought the truck to a sudden stop, and according to others, reduced its speed suddenly from 40 miles an hour to ten or fifteen miles an hour, and came to a full stop at the intersection.

"The sudden stopping of the truck caused the children to be thrown up against the front end of the trailer. Harvey Lee Parker was thrown violently against the front end of the trailer, then fell to the floor and another boy fell on him, resulting in the breaking of his collar bone. Another boy's nose was broken when he struck the front of the trailer.

■ "The uncontroverted evidence is that the plaintiff was the guest of the driver of the truck and that the driver had no authority or permission to permit riders on the truck. He was therefore a trespasser as to the defendant Homes Stores, Inc., and it was liable to him only for injuries caused by the wanton, willful, or reckless negligence of the truck driver. 5 Blashfield, [Cyclopedia of Automobiles Law and Practice], Perm. Ed., sections 3016 and 3017, and cases cited; Anderson, An Automobile Accident Suit, 651, section 560; Vartanian, The Law of Automobiles in Tennessee, p. 412, section 121; *Liggett & Myers Tobacco Co.* v. *DeParcq* [8 Cir.], 66 F. (2d), 678; *Lipscomb* v. *News Star World Pub. Corp.* [La. App.], 5 So. (2d), 41; *Stone Co.* v. *Pugh,* 115 Tenn., 688, 692, 91 S. W., 199 [4 L. R. A. (N. S.), 804, 112 Am. St. Rep., 881].

■ " 'Where a person rides in a motor vehicle on unauthorized invitation of owner's employee, status of rider as respects employer is not that of "guest" or "invitee" but a "trespasser", and if rider is injured or killed from employee's simple negligence while such status subsists, no liability therefor attaches to employer.' " *Lipscomb* v. *News Star World Pub. Corp.* [La. App.], 5 So. (2d), 41.

■ "An employee in possession of his employer's automobile has no implied or apparent authority to invite others to ride with him, and, if a passenger is injured by the negligence of an employee while riding in the employer's automobile pursuant to an invitation of the employee, the employer is not liable, for the reason that the passenger does not become a guest of the owner of the automobile. *Liggett & Myers Tobacco Co.* v. *DeParcq* [6 Cir.], 66 F. (2d), 678, and cases cited.

■ " 'A master is not liable for injuries sustained by one invited to ride on a vehicle by his servant, without actual or ostensible authority to do so, and where not acting within the scope of his duties. Though the car is driven by the owner's agent or servant duly authorized, the rider may be the guest of the agent or servant, and not of the owner; and, if the driver, though acting duly for his master in the operation of the car, was not acting for him in accepting and transporting the guest, the master cannot be held liable. Hence, the fact that the driver of the car, though operating it as the servant of the owner, invites a passenger to become his (the driver's) guest, does not as to such guest make the driver the servant of the owner in respect to the safe transportation of the guest. A person so riding has been held to be a trespasser as to the owner who, short of wantonness, will not be held liable for injuries occasioned by the driver.' "

Vartanian on The Law of Automobiles in Tennessee, p. 412, section 121.

"In the case of *Stone Co.* v. *Pugh,* 115 Tenn., 688, 91 S. W., 199 [4 L. R. A. (N. S.), 804, 112 Am. St. Rep., 881] it was held that the owner of a wagon was not liable for the death of a child fatally injured in attempting to alight from the wagon after having climbed thereon at the invitation of the driver who was neither expressly nor by implication authorized to invite children to get upon a wagon, and whose act in so doing was in no sense within the scope of his employment or in the furtherance of his employer's business.

■■ " 'The question as to whether the servant's or the employee's act may reasonably be held within the scope of his employment is ordinarily one of fact for the determination of the jury, except where the departure from the master's business is of marked and decided character. But where the evidence that the chauffeur was not acting within the course of his employment is not improbable, unreasonable or suspicious, and is not contradicted by the facts, circumstances or presumptions, it is held that there is no question of fact for the jury.' " Vartanian on The Law of Automobiles in Tennessee, 415, section 121.

"There was no liability to the plaintiff under this first count of the declaration, and the trial judge erred in refusing to grant peremptory instructions on this count, and the assignment of error on this account is sustained.

■ "The defendant has assigned several errors on the trial judge's refusal to charge its special requests as to the servant's want of authority to let the boys ride in the truck in violation of instructions. We think these requests correctly stated the law, but as the case should

not have been submitted to the jury they become immaterial.

"It results that the judgment of the lower court is reversed and the plaintiff's action dismissed. The costs of the cause including the costs of the appeal are adjudged against the defendant in error."

 The assignments of error made by petitioner in this court are, in substance, that the Court of Appeals erred in reversing and dismissing his action because (1) the act on the part of the driver of the truck in permitting petitioner to ride in the truck was within the apparent scope of the authority of the driver insofar as petitioner could know; (2) that the injury to petitioner grew out of the active negligence on the part of the driver while operating the truck within the scope of his authority and on a mission for defendant; (3) that defendant is liable for the negligent acts of its employees acting within the scope of their employment to even a trespasser whose presence is known to the employee and who thereafter fails to exercise ordinary care to prevent injury to him.

These assignments are without merit. For the reasons set forth in the opinion of the Court of Appeals in reversing the judgment of the trial court and dismissing the action, *certiorari* is denied.