FRANCIS M. BALL, Plaintiff in Error, v. JAMES W. WHITAKER, d/b/a M & M Transfer Company, Defendant in Error. —342 S. W. (2d) 67.

Eastern Section. June 29, 1960.

Certiorari Denied by Supreme Court October 7, 1960.

678 ·

Harry Berke, Aubrey Graves, Chattanooga, for plaintiff in error.

Milligan, Milligan & Hooper, Chattanooga, for defendant in error.

LANDON H. GAMMON, Special Judge. This is an action for personal injuries brought by Francis M. Ball against James W. Whitaker, doing business as M & M Transfer Company, and Glenn W. Holland. The plaintiff was awarded a jury verdict against both defendants for $25,000. Upon this verdict the Circuit Court rendered judgment in said amount against defendant Glenn W. Holland only. This judgment is now final and is not now in question. Upon defendant James W. Whitaker's motion for new trial, the Circuit Court set aside the verdict as to said defendant, granted a new trial and directed a verdict in his favor, resulting in the dismissal of the action as to him.

Plaintiff seasonably moved for a new trial on the judgment of dismissal as to defendant Whitaker. This motion was disallowed and plaintiff now appeals in error to this Court. The assignments of error raise the question as to the correctness of the Circuit Court's action in dismissing the case as to defendant Whitaker.

The plaintiff, Francis Ball, sustained his personal injuries when he fell from a wagon which was being towed

on the streets of Chattanooga by a tractor operated by defendant Glenn Holland.

The plaintiff was an employee of Olson Shows, an itinerant carnival or show operated by the Amusement Corporation of America, which exhibited for a week in Chattanooga in connection with a local fair. The accident in question occurred on September 22, 1957. On this date the engagement of the Olson Shows had terminated in Chattanooga. Their equipment had been dismantled and was in the process of being hauled over the city streets from the fair grounds at Warner Park to the railroad siding at Citico Yards, when the accident happened.

The wagon upon which the plaintiff was riding was the property of Olson Shows. It was four-wheeled with pneumatic tires and without springs. It was hitched to and towed by the automotive tractor. It was loaded with the equipment of the Olson Shows. It was not designed or equipped for the carriage of passengers or attendants but solely as a freight carrying vehicle.

The plaintiff was furnished railroad transportation from city to city by the Olson Shows but his contract of employment did not include local transportation from the fair grounds to the railroad.

The Olson Shows did not have automotive equipment to tow its loaded wagons back and forth between the fair grounds and the railroad. For this purpose the Olson Shows entered into a contract with James W. Whitaker, as M & M Transfer Company, where he agreed to furnish six heavy trucks with hook-up devices to haul the show property at Seven Dollars per round trip per wagon.

Defendant Whitaker thereupon entered into a sub-contract with James Holland to furnish his heavy truck or tractor to do this hauling or towing as one of the six contracted for with Olson Shows. James Holland, the tractor owner, in turn contracted with Glenn Holland for his services in operating or driving his tractor. Whitaker paid Glenn Holland his wages for services as driver.

Glenn Holland hitched the tractor to the loaded wagon in question at the fair grounds. Plaintiff Ball desired transportation from the fair grounds to the railroad siding and when Glenn Holland left the fair grounds plaintiff boarded the loaded wagon with the knowledge, acquiescence and implied permission of Glenn Holland.

Both James Holland, the owner, and Glenn Holland, the driver, had received explicit and positive instructions from defendant Whitaker to allow no one to ride in the trucks or on the wagons. Defendant Glenn Holland understood these instructions and had no authority to permit riders on the tractor or wagons he was hauling.

As the tractor and wagon were proceeding on Third Street to the railroad siding, Glenn Holland, the operator, in making a right turn into Wiehl Street negligently operated the vehicle and caused the plaintiff to be thrown off the wagon and onto the street, thereby bringing about his personal injuries for which he sued in this action.

The Circuit Court in directing a verdict in favor of defendant Whitaker ruled that the plaintiff, Francis Ball, was a guest or licensee of the driver, Glenn Holland, but was a trespasser as to the defendant Whitaker.

Where an employee, the driver of a truck, contrary to instructions from his employer, permits others to ride

on the truck or a trailer, the status of the rider is not that of guest or invitee but of trespasser with respect to the employer. So, when such a rider is injured, the employer is liable only for such injuries as are caused by the wanton or wilful acts of the driver. Home Stores v. Parker, 179 Tenn. 372, 166 S. W. (2d) 619. Reynolds v. Knowles, 185 Tenn. 337, 206 S. W. (2d) 375.

■■ There being no proof that the acts of the driver, defendant Holland, were wanton or wilful, therefore there was no question of fact to submit to the jury and the trial judge was correct in withdrawing this issue from the jury.

The appellant admits that this is the general rule but contends that this case is taken out of the general rule: (1) by reason of certain terms of the hauling contract between Olson Shows and Whitaker; or (2) by reason of the terms and provisions of T. C. A. sec. 65-1517, which is a part of Title 65, Chapter 15, regulating the business of transportation of persons and property by motor vehicles over the public highways of this state.

The Circuit Court ruled the relationship between plaintiff Ball and defendant Whitaker was not affected either by the contract or by T. C. A. sec. 65-1517. It is this ruling which is questioned by assignment of error.

■ The hauling contract between the Olson Shows and James W. Whitaker binds Whitaker "to haul the property" of the Shows. It provides further, among other things, that Whitaker agrees "to be responsible for the safety of the property and for any loss, damage or injury which may be sustained by any one because of the manner in which the property is hauled."

This provision of the hauling contract is one of indemnity between Whitaker, as indemnitor, and Olson Shows, as indemnitee, whereby Whitaker obligated himself to save Olson Shows harmless from the legal consequences of any loss, damage or injuries Whitaker might cause while he was acting for Olson Shows under the contract. See 42 C. J. S. Indemnity sec. 1, p. 564.

In this instance, the indemnity agreement does not come into play as between the indemnitor and indemnitee. There is no liability arising at law upon Whitaker for causing any loss, damage or injuries to this plaintiff. There is no showing that Whitaker either in person or vicariously caused damages or injuries to plaintiff Ball.

In other words, the indemnity agreement between Whitaker and Olson Shows does not make Whitaker the insurer of the safety of a trespasser who is allowed to ride on his vehicle by his driver contrary to his explicit instructions. The indemnitor's contract of indemnity neither enlarges nor contracts his liability to third parties. It does not change plaintiff's status as trespasser to any other or different status.

The plaintiff is not suing upon the contract in this action. He is suing upon a tort. In fact, the plaintiff is not a party to the contract nor is he expressly or impliedly a beneficiary thereof.

■ The contract of indemnity being for the benefit of Olson Shows, the indemnitee, therefore plaintiff Ball has no rights thereunder.

"One not a party to a contract of indemnity and for whose benefit it was not made, cannot maintain

684

an action thereon against the indemnitor." 27 Am. Jur. "Indemnity" sec. 32 p. 476.

Finally, it is contended that this case is taken out of the rule of Home Stores v. Parker and Reynolds v. Knowles, supra, by reason of the provisions of T. C. A. sec. 65-1517 which requires "motor freight agents" to carry liability insurance undertaking to pay for injuries or damage to persons by reason of negligent operation of the motor carrier while engaged in carrying property. It is insisted that Whitaker falls within this provision.

■ This section is a part of Title 65, Chapter 15 of the Code. It is provided in T. C. A. sec. 65-1503 that the provisions of this chapter shall not apply to any motor vehicle "while used exclusively for carrying * * * property between railroad depots and any points in any city, town or suburb thereof * * *" Defendant Whitaker clearly falls within this exception. His hauling was solely within the City of Chattanooga between the fair grounds and the railroad.

Furthermore, there is no showing that Whitaker failed to carry such liability insurance or, if so, how such failure is prejudicial to the plaintiff's rights or changes his status from that of trespasser.

■ The measure of Whitaker's liability to the plaintiff is to refrain from wanton or wilful injury. T. C. A. sec. 65-1517 does not change the rule of law applicable to this measure of liability.

All assignments are overruled and the judgment of the Circuit Court is affirmed.

McAmis, P. J., and Hale, J., concur.