953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robbie LUCAS, Plaintiff-Appellant,
v.
SCHNEIDER NATIONAL CARRIERS, INC., Defendant-Appellee.
 Nos. 90-6569, 90-6570.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1992.
 
 1
 On Appeal from the United States District Court for the Eastern District of Tennessee, No. 89-00243; Jordan, D.J.
 
 
 2
 E.D.Tenn.
 
 
 3
 AFFIRMED.
 
 
 4
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 
 5
 CHARLES W. JOINER, Senior District Judge.
 
 
 6
 In this diversity tort action plaintiff, Robbie Lucas, brings consolidated appeals from the trial court's grant of defendant's summary judgment motion, and denial of plaintiff's motion for leave to amend her complaint and to set aside summary judgment. We conclude that the trial court correctly determined that plaintiff failed to demonstrate a genuine issue of material fact in response to defendant's motion for summary judgment; that defendant was entitled to judgment as a matter of law; and the trial court correctly found that plaintiff's proposed amended complaint would not survive a summary judgment motion and properly denied plaintiff's motion to amend. Accordingly, we affirm.
 
 I.
 
 7
 Plaintiff's husband, Estill Lucas, worked as a truck driver for defendant from December 1986 to April 8, 1988. On April 8, 1988, plaintiff was traveling with her husband in a truck owned by defendant. While westbound on Interstate 40 in Tennessee the truck, for reasons unknown, left the roadway and overturned. Plaintiff, asleep in the rear compartment of the truck's cab, was ejected from the cab and pinned between the overturned trailer and the roadway. Plaintiff's left leg was amputated by the trailer, and her right leg was severely injured. Estill Lucas was killed.
 
 
 8
 Plaintiff filed her complaint on March 31, 1989, alleging that her deceased husband's negligence in driving defendant's truck was the proximate cause of her injuries, and that his negligence could be imputed to defendant by theories of express or apparent authority and agency. Because plaintiff could advance no explanation for the accident, she relied upon the doctrine of res ipsa loquitur to establish the negligence of Estill Lucas.
 
 
 9
 Defendant filed a summary judgment motion pursuant to Fed.R.Civ.P. 56(c), arguing (1) that plaintiff was an unauthorized passenger in defendant's truck; (2) that in transporting an unauthorized passenger, Estill Lucas acted outside the scope of his employment such that his negligence could not be attributed to defendant; and (3) that as an unauthorized passenger, plaintiff had trespasser status, such that only wanton or willful negligence on the part of defendant's employee could make defendant liable for plaintiff's injuries.
 
 
 10
 Prior to the trial court's grant of defendant's motion, plaintiff filed a motion for leave to amend her complaint, pursuant to Fed.R.Civ.P. 15(a), to add claims of negligent entrustment and negligence per se. The trial court's memorandum opinion accompanying the order granting defendant's summary judgment motion made no mention of plaintiff's motion to amend, although the order contained a denial of the motion as moot. Contending that the trial court failed to consider her proposed amendments, plaintiff brought a motion to set aside summary judgment. The trial court denied plaintiff's motion, stating that the court had considered plaintiff's proposed amendments in granting summary judgment for defendant, but found that to grant leave to amend would have been futile, as the new claims could not survive a summary judgment motion.
 
 
 11
 In granting defendant's summary judgment motion, the trial court concluded that plaintiff was an unauthorized passenger in defendant's truck, and, therefore, her status was that of a trespasser as to defendant. The trial court found Tennessee law to hold that, as to a trespasser, a principal in a negligence action will only be liable for injuries proximately caused by the wanton, willful or reckless negligence of its agent. Because wanton or willful negligence, as opposed to simple negligence, cannot be established under Tennessee law through the doctrine of res ipsa loquitur, plaintiff could not impute Estill Lucas's negligence to defendant. In analyzing plaintiff's motion for leave to amend, the trial court found that the principles applicable to the analysis of plaintiff's imputed negligence claims also applied to claims of negligent entrustment and negligence per se, such that, in the absence of a showing of wanton or willful negligence, those claims must likewise fail.
 
 
 12
 On appeal, plaintiff contends that the trial court erred in its analysis of both motions. Addressing each motion in turn, we find no error.
 
 II.
 
 13
 Under Fed.R.Civ.P. 56(c), the moving party is entitled to judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court explained the operation of Rule 56(c):
 
 
 14
 In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
 
 
 15
 Id. at 322-23 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). The moving party bears the burden of proving the absence of a material issue of fact and the evidence produced must be viewed in a light most favorable to the nonmoving party. Adickes v. S.H. Kress Co., 398 U.S. 144, 157 (1970). Unless there is evidence favoring the nonmoving party sufficient for a jury to return a verdict for that party, there is no issue for trial. Anderson, 477 U.S. at 249 (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 252, 288-89 (1968)). If the evidence presented is merely colorable, or not significantly probative, summary judgment may be granted. Id. at 249-50 (citing Dombrowski v. Eastland, 387 U.S. 82 (1967) (per curiam )). For purposes of a summary judgment motion, the substantive law identifies the facts which are material. Id.
 
 
 16
 Plaintiff argues that a genuine issue of material fact exists as to whether plaintiff had defendant's permission, whether express in the form of a "rider's pass," or implied by defendant's alleged knowledge of Estill Lucas's practice of having plaintiff travel with him, to be aboard defendant's truck on April 8, 1988. Plaintiff's status relative to defendant defines the duty owed to plaintiff. Duty is an essential element of plaintiff's negligence claim that plaintiff must prove.
 
 
 17
 In support of its summary judgment motion defendant presented, inter alia, the deposition testimony of its employee, Donald Frieson. Frieson testified to his knowledge of defendant's written policy regarding the transportation of passengers in defendant's vehicles, and his knowledge of Estill Lucas's awareness of the policy.
 
 
 18
 Accompanying Frieson's testimony, defendant presented the "authorized passenger policy" itself. The policy, adopted to establish conformance with federal regulations,[1] permits employee drivers to transport their spouses (and only their spouses) if they meet particular criteria, and then, only for a limited period. In order for an employee to transport a spouse, that employee must make a written application. The application is reviewed (as part of his job duties, Frieson reviewed such applications) and, if the employee has not been involved in an accident that was adjudged "preventable" within six months of the application, then the application may be approved. Approval is also contingent upon the employee obtaining insurance coverage for the spouse and signing a hold harmless agreement. In no circumstance is approval granted to transport a spouse for a period greater than two weeks.
 
 
 19
 Frieson testified, and the policy itself states, that a blanket grant of permission to transport a spouse is never available. No employee was expressly authorized to extend an invitation to ride without satisfying the provisions of the policy. Having reviewed defendant's records, Frieson testified that Estill Lucas had not applied for permission to transport his spouse prior to April 8, 1988, and, even if Lucas had done so, his application would have been denied under the policy because of his involvement in a preventable accident within six months of that date. Therefore, defendant argues, plaintiff was a trespasser in its truck and was owed only a duty not to be subjected to wanton or willful misconduct. See Ball v. Whitaker, 342 S.W.2d 67, 70 (Tenn.App.1960), Reynolds v. Knowles, 206 S.W.2d 375, 377 (Tenn.1947). As plaintiff could not establish such conduct on defendant's part, she failed to establish an essential element of her claim, entitling defendant to judgment. Anderson, 477 U.S. at 250. Further, plaintiff could present no evidence showing that Estill Lucas had the authority to transport passengers without meeting the criteria of the policy.
 
 
 20
 In response, plaintiff stated that she had been given a "rider's pass" by Estill Lucas, and that she believed this pass gave her defendant's permission to ride with her husband at any time. There is no evidence that Estill Lucas had authority to give a "rider pass" or to authorize anyone to ride with him. Plaintiff could not produce this document and could not recall any specific language within it.
 
 
 21
 Confronted with the evidence offered by the parties, the trial court found:
 
 
 22
 The plaintiff has not shown here a genuine issue of fact concerning whether her husband had actual or apparent authority to invite her to ride. Giving her the benefit of the doubt, and holding for the purpose of considering the defendant's motion that the best evidence rule would not bar her testimony concerning the paper which she says she signed to obtain permission to ride, and which she cannot produce, the fact remains that she cannot recall a single statement on this piece of paper giving her the authority to ride. She has not pointed to any communication from anyone employed by the defendant, besides her husband, regarding permission to ride. The defendant's evidence regarding the driver's lack of actual authority is overwhelming.
 
 
 23
 (App. at 86).
 
 
 24
 Plaintiff contends that the trial court impermissibly "weighed the evidence and determined the truth of the matter," Anderson, 477 U.S. at 249, and found that no "rider's pass" existed. However, the record shows that the trial court appropriately viewed the evidence in the light most favorable to plaintiff, Adickes, 398 U.S. at 157, but determined that plaintiff's deposition testimony failed to establish that she was an authorized passenger in defendant's truck. Even accepting plaintiff's statement that she had been given a "rider's pass," plaintiff presented no evidence to demonstrate that Estill Lucas gave her such a pass with defendant's permission.
 
 
 25
 In light of her complete failure to demonstrate that she was authorized to ride in defendant's truck, the trial court accurately determined that plaintiff was a trespasser under Tennessee law:
 
 
 26
 Where an employee, the driver of a truck, contrary to instructions from his employer, permits others to ride on the truck or a trailer, the status of the rider is not that of a guest or invitee but of trespasser with respect to the employer. So, when such a rider is injured, the employer is liable only for such injuries as are caused by the wanton or willful acts of the driver.
 
 
 27
 Ball, 342 S.W.2d at 70 (citing Home Stores v. Parker, 166 S.W.2d 619 (1942); Reynolds, 206 S.W.2d 375). Once plaintiff's status relative to defendant is determined, her claim cannot succeed as she cannot demonstrate the essential element of wanton or willful behavior on the part of Estill Lucas. Plaintiff sought to establish Estill Lucas's negligence through the doctrine of res ipsa loquitur. While this doctrine can be used to establish simple negligence, it cannot be used to show wanton or willful negligence. Schenk v. Gwaltney, 309 S.W.2d 424, 436 (Tenn.App.1957); Sloan v. Nevil, 229 S.W.2d 350, 354 (Tenn.App.1949). The trial court properly applied the rule that when a nonmoving party has failed to make a sufficient showing of an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment. Anderson, 477 U.S. at 250.
 
 
 28
 Plaintiff next argues that a genuine issue of material fact exists as to Estill Lucas's apparent authority to grant permission for plaintiff to ride in defendant's truck. Apparent authority extending liability to a principal for the acts of its agent "is that which, though not actually granted, the principal knowingly permits the agent to exercise, or which he holds him out as possessing." 3 Am.Jur.2d Agency § 78 (1986). Relying upon Hart v. First National Bank of Memphis, 690 S.W.2d 536 (Tenn.App.1985), plaintiff contends that defendant's failure to post conspicuous notices within the cabs of its trucks warning riders that they may be mere trespassers in the eyes of the law, establishes apparent authority because such authority can arise through the principal's failure to act.
 
 
 29
 Plaintiff's reliance upon Hart is misplaced. In that case the Tennessee Court of Appeals stated that apparent authority must be based upon some evidence of communication from principal to agent, or upon evidence of the principal's acquiescence in the agent's claim of authority. Id. at 539. We again find that plaintiff presented no evidence of communication between Estill Lucas and defendant which granted permission to Estill Lucas to transport his wife.
 
 
 30
 Finally, plaintiff argues that evidence was presented showing that defendant acquiesced to Estill Lucas's claim of authority to transport plaintiff. Plaintiff introduced a form used by defendant while interviewing Lucas for employment. The form shows that he was asked: "How does your family feel about your being away from home?" Below this question the interviewer wrote: "Wife was with him--no problem for her." This, plaintiff contends, indicates that defendant was aware that she travelled with him and defendant acquiesced to that arrangement. The trial court found such a reading of the form "contorted, to say the least," and that the form simply indicated that plaintiff was present at the interview. We agree with the trial court and conclude that plaintiff failed to present any evidence showing that defendant acquiesced to Estill Lucas's practice of transporting his wife without seeking permission under the authorized passenger policy.
 
 III.
 
 31
 Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision whether to permit amendment is committed to the discretion of the trial court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir.1990). The trial court's discretion is not total, but is limited by Rule 15(a)'s "liberal policy of permitting amendments to ensure the determination of claims on their merits." Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir.1987) (citing Espey v. Wainwright, 734 F.2d 748 (11th Cir.1984)). The policy of liberality has been held to extend to situations in which a party seeks amendment in order to allege entirely new theories of recovery. Foman v. Davis, 371 U.S. 178, 182 (1962). See also 6 C. Wright & Miller, Federal Practice and Procedure, § 1474 at 547 n. 15.
 
 
 32
 This is not to say that leave to amend must be granted in every circumstance. In deciding whether to permit amendment, the trial court may consider such factors as undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment...." Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir.1973). Upon plaintiff's motion, the trial court determined that to permit addition of claims of negligent entrustment and negligence per se would be futile:
 
 
 33
 The Court did consider the plaintiff's motion to amend her complaint; however, even if the motion had been granted, the plaintiff's complaint as amended would not have been sufficient to prevent an award of summary judgment in favor of the defendant.... The addition to this lawsuit of the theories set forth in the plaintiff's proposed amendments to her complaint would still have left her with the burden of proving that some negligence on the part of the deceased driver proximately caused her injuries. Because the plaintiff failed to show the existence of a genuine issue of fact on this point, the Court had no choice but to award summary judgment in favor of the defendant.
 
 
 34
 (App. at 91-92).
 
 
 35
 The trial court did not abuse its discretion in denying plaintiff's motion. The proper focus of plaintiff's proposed claims of negligent entrustment and negligence per se is upon the actions of defendant itself, rather than defendant's agent, Estill Lucas. In order to support plaintiff's separate tort claims under Tennessee law, plaintiff was required to present evidence of the essential elements of those claims. Tennessee precedent permits recovery against an employer for an independent tort in the choice of an individual as the employer's driver where no recovery is possible against the driver. See Beckendorf v. Simmons, 539 S.W.2d 31 (Tenn.1976); Wishone v. Yellow Cab Co., 97 S.W.2d 452 (Tenn.App.1936). Therefore, we do not consider any actions of Estill Lucas, but look directly to the evidence defendant presented to support its proposed claim of negligent entrustment. The law in Tennessee regarding third parties who are not trespassers, "is that one who entrusts a motor vehicle to another must exercise, as to third parties, reasonable and ordinary care in the entrustment of the vehicle." Robinson v. Moore, 512 S.W.2d 573, 577 (Tenn.App., cert. denied, 1974); Ball v. Whitaker, 342 S.W.2d 67, 70 (Tenn.App.1960). The duty owed to trespassers, however, is only to not act wantonly or willfully. Ball, 342 S.W.2d at 70; Reynolds, 206 S.W.2d at 377. While plaintiff contends that these cases establish only the duty owed to trespassers by an agent, as opposed to the duty owed by defendant directly, we find no reason in logic, or in Tennessee law, why the duty owed to a trespasser should vary according to the alleged negligent actor. Just as plaintiff failed to show that Estill Lucas acted in a wanton or willful fashion, she also failed to show that defendant acted in such a fashion, or even that defendant failed to exercise ordinary care in hiring Lucas.
 
 
 36
 In support of her motion, plaintiff presented evidence consisting of a series of documents purporting to show that defendant knew Estill Lucas was an incompetent driver. These documents relate to two specific areas of Lucas's driving record. Log records, kept by defendant on all its drivers, show that on at least three occasions defendant found Lucas to have exceeded, by up to 4 miles per hour, the 58 mile per hour speed limit that defendant imposes upon its drivers. Other log records show that Lucas exceeded the time limit for continuous driving which defendant imposes upon its drivers. Finally, plaintiff offered a letter from defendant to Lucas informing him that an accident in which he had been involved had been adjudged preventable.
 
 
 37
 This evidence is not sufficient to establish a genuine question of fact as to whether defendant violated the duty of care owed to plaintiff. In Reynolds v. Knowles, 206 S.W.2d 375 (Tenn.1947), the Tennessee Supreme Court addressed a claim against a truck owner (Reynolds) whose employee had, against the owner's instructions, transported a child in the truck. The child was deemed a trespasser. Id. at 376. The driver, an illiterate, had been employed for only three days prior to the accident, and had made a number of successful deliveries with the truck. Reynolds was aware that he did not have a driver's licence, although apparently believing his story that he had left his licence at home. Id. In reinstating a directed verdict for Reynolds, the court stated:
 
 
 38
 It appearing that the little boy was a trespasser and that [the driver] had positive instruction not to ride children in the truck, the question presented is whether it was wanton, willful, or reckless negligence for Reynolds to permit [him] to operate the truck.
 
 
 39
 'The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.
 
 
 40
 Restatement of the Law, Torts, § 500, p. 1293.
 
 
 41
 We are of the opinion that at the most the acts complained of are mere negligence.
 
 
 42
 Id. at 377 (emphasis supplied).
 
 
 43
 The evidence plaintiff contends establishes a question of fact as to defendant's negligence does not compare with the actions of Reynolds in employing an untrained illiterate, and does not indicate that defendant knew or had reason to know that employing Lucas involved a high degree of probability that a third party would be injured. Even if plaintiff were not a trespasser, the evidence presented falls short of facts which the court found to constitute mere negligence. Because plaintiff failed to present evidence creating a genuine issue of fact as to defendant's violation of the duty of care owed plaintiff, the trial court properly found that plaintiff's proposed negligent entrustment claim would not survive a summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Therefore, the trial court did not abuse its discretion in denying plaintiff's motion for leave to add the claim on the basis of futility. Hageman, 486 F.2d at 484.
 
 
 44
 Plaintiff lastly argues that she presented evidence of negligence per se, in that Lucas's employment application reveals that defendant knew that Lucas did not possess a Tennessee driver's licence. This lack, plaintiff maintains, is violative of Tennessee Code § 55-50-403, which requires that one who becomes a resident of Tennessee must acquire a Tennessee driver's licence within thirty days of establishing residency. Although the record indicates that Lucas was without a Tennessee licence, the trial court correctly found that plaintiff presented no evidence showing that lack of a licence was a proximate cause of plaintiff's injuries. The fact that Lucas did not possess a Tennessee licence at the time he applied for employment with defendant does not establish the essential element of proximate cause. As plaintiff failed to present evidence of this element of her claim, the trial court correctly found that the claim would not survive a summary judgment motion, Anderson, 477 U.S. 242, and did not abuse its discretion in denying plaintiff's motion for leave to amend her complaint.
 
 
 45
 AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 49 C.F.R. § 392.60 states, in pertinent part:
 Unless specifically authorized in writing to do so by the motor carrier under whose authority the motor vehicle is being operated, no driver shall transport any person or permit any person to be transported on any motor vehicle other than a bus. When such authorization is issued, it shall state the name of the person to be transported, the points where the transportation is to begin and end, and the date upon which such authority expires.