IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 22, 2002 Session

## LANCE J. MORRIS v. COLLIS FOODS, INC. d/b/a WAFFLE HOUSE

**Direct Appeal from the Circuit Court for Madison County**
**No. C99-153; The Honorable Roger A. Page, Judge**

---

**No. W2001-00918-COA-R3-CV - Filed June 19, 2002**

---

This appeal involves a suit against a restaurant for a tort committed by a waitress. The appellant visited the restaurant on a crowded night. After the appellant's first waitress quit, another waitress took appellant's order. Following a long wait for his food, the appellant approached his waitress and words were exchanged. The waitress threw an object at the appellant, which caused injures. The appellant filed suit against both the restaurant and waitress. The relevant portion of the appellant's suit against the restaurant relied on the doctrine of respondeat superior. The court granted a motion for summary judgment filed by the restaurant, holding that the waitress was not acting within the scope of her employment. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Irwin I. Cantor, Memphis, for Appellant

James F. Horner, Memphis, for Appellee

### OPINION

Lance J. Morris ("Appellant") and several companions visited the Waffle House restaurant in Jackson, Tennessee on June 27, 1998 in the early morning hours. The restaurant was very crowded at the time. Plaintiff's first waitress quit after taking Appellant's order. Lucy Shaw ("Ms. Shaw"), another waitress at the restaurant, took the place of the former waitress. After Appellant questioned why the table's food was late, Ms. Shaw told Appellant that the party's first waitress had quit and that she would have to retake everyone's orders. Appellant became upset and expressed his anger to Ms. Shaw. Several of Appellant's companions gave Ms. Shaw their orders.

The scene at the restaurant soon turned ugly. Due to the long wait, Appellant and his companions began leaving the restaurant at about the time their orders were ready to be delivered to their table. Before exiting the establishment, Appellant again expressed his anger by allegedly calling Ms. Shaw a "black motherf***er" and pointing his finger at her. Ms. Shaw responded by throwing a syrup container or coffee mug at him.[1] The thrown object struck Appellant in the back of his head causing injuries. Although Ms. Shaw alleges that she threw the object in self-defense after Appellant approached her with an open hand, she was convicted of simple assault as a result of the incident.

On April 29, 1999, Appellant filed suit against Ms. Shaw and Collis Foods, Inc. d/b/a Waffle House ("Appellee"). Appellant's complaint contained two causes of action against Appellee. First, Appellant alleged that Appellee was liable under the doctrine of respondeat superior because Ms. Shaw was acting within her scope of employment and in the furtherance of Appellee's business interest during the incident. Second, Appellant alleged that Appellee was negligent in hiring Ms. Shaw and that this negligence proximately caused his injuries.

Appellee soon filed an answer and a motion for summary judgment. To support its motion, Appellee asserted that Ms. Shaw failed to follow company policy and had never displayed violent tendencies during previous employment. The trial court granted Appellee's motion for summary judgment. Following the trial court's decision, Appellant non-suited his claim against Ms. Shaw. Following a timely filed notice of appeal, this case is now properly before this court.

Appellant concedes that the court's grant of summary judgment as to the claim for negligent hiring was correct. Appellant contends, however that the trial court erred in granting Appellee summary judgment as to the claim that Ms. Shaw was acting within her scope of employment when tossing an object and striking Appellant as he exited the restaurant.

The Tennessee Supreme Court recently offered a thorough and informative commentary on the standard of review applicable to this appeal in Staples v. CBL & Associates, Inc., 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of TENN. R. CIV. P. 56 have been met. See Hunter v. Brown, 955 S.W.2d 49, 50-51 (Tenn.1997); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See Anderson v. Standard Register Co., 857

---

[1] Ms. Shaw asserts that the thrown object was a syrup container. Another witness, however, alleges that it was a coffee mug that was thrown.

S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. See Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See Byrd v. Hall, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. See McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn.1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. See McCarley v. West Quality Food Serv., 960 S.W.2d at 588; Robinson v. Omer, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. See Robinson v. Omer, 952 S.W.2d at 426; Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn.1995).

Staples, 15 S.W.3d at 88-89 (footnote omitted).

We must also keep in mind that this case involves the doctrine of respondeat superior. Because Appellant's remaining claim is based on this doctrine, it is essential that Ms. Shaw's actions were taken within the scope of her employment for the claim to be actionable. With regard to summary judgment and claims based on the doctrine of respondeat superior, this Court has stated:

. . . Generally, whether an employee is acting within the scope of his or her employment is a question of fact. Craig v. Gentry, 792 S.W.2d 77, 80 (Tenn. Ct. App. 1990). However, it becomes a question of law when the facts are undisputed and cannot support conflicting conclusions. Blackman v. Great Am. First Sav. Bank, 284 Cal. Rptr. 491, 493 (Ct. App. 1991); Henderson v. Professional Coatings Corp., 72 Haw. 387, 819 P.2d 84, 89 (Haw. 1991); Sedalia Mercantile Bank & Trust Co. v. Loges Farms, Inc., 740 S.W.2d 188, 202 (Mo. Ct. App. 1987).

Thus, whether an employee is acting within the scope of his employment can be reviewed as a question of law when the employee's acts are clearly beyond the scope of his authority. Brown v. Housing Auth., 23 Conn. App. 624, 583 A.2d 643, 646 (Conn. App. Ct. 1991); Home Stores, Inc. v. Parker, 179 Tenn. 372, 379, 166 S.W.2d 619, 622 (1942) (the issue is a question of law when an employee's departure from the employer's business is "of marked and decided character").

Tennessee Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co., 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992).

The facts of this case are largely undisputed. Accordingly, we must look to these facts to determine whether Ms. Shaw clearly acted outside the scope of her employment. If the facts can only support the conclusion that Ms. Shaw acted in such a manner, we must affirm the trial court's decision to grant summary judgment to Appellee.

In outlining the framework to be followed in determining whether an employee's acts are within the scope of employment, this Court has often looked to the Restatement (Second) of Agency. Id. at 937. The Restatement declares:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>      (a) it is of the kind he is employed to perform;
>      (b) it occurs substantially within the authorized time and space limits;
>      (c) it is actuated, at least in part, by a purpose to serve the master; and
>      (d) if force is intentionally used by the servant against another, the use of force is not
>      unexpectable by the master.
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the master.

RESTATEMENT (SECOND) OF AGENCY § 228, p. 504 (1957).

Section 229 of the Restatement (Second) of Agency further provides: (1) To be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.

> (2) In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:
>
>      (a) whether or not the act is one commonly done by such servants;
>      (b) the time, place and purpose of the act;
>      (c) the previous relations between the master and the servant;
>      (d) the extent to which the business of the master is apportioned between different servants;
>      (e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;
>      (f) whether or not the master has reason to expect that such an act will be done;
>      (g) the similarity in quality of the act done to the act authorized;
>      (h) whether or not the instrumentality by which the harm is done has been furnished by the master to the servant;
>      (i) the extent of departure from the normal method of accomplishing an authorized result; and
>      (j) whether or not the act is seriously criminal.

Id. at § 229, p. 506.

In the case *sub judice*, Appellant, relying on section 229(2) of the Restatement, argues that facts in the record indicate that Ms. Shaw's actions were so incidental to the conduct authorized by Appellee that they were taken within the scope of her employment. Appellant points to the fact that he was a customer, the incident occurred on Appellee's premises, and that he and Ms. Shaw were

strangers. Appellant also asserts that Appellee's policy of "freezing out"[2] certain customers and Ms. Shaw's job related stress made the incident foreseeable.

We disagree, however, with Appellant's analysis. We believe, instead, that section 228 of the Restatement is the proper place to begin the analysis of this issue. When applying this section to the facts of this case, it is obvious that the trial court committed no error in granting Appellee's motion for summary judgment.

First, the undisputed material facts show that not only was Ms. Shaw's conduct unauthorized, it was strictly prohibited by Appellee. Along with its motion for summary judgment, Appellee submitted an Employee Conduct Policy signed by Ms. Shaw as a deposition exhibit. The first enumerated statement in the policy prohibits employees from "[f]ighting or attempting bodily injury to another" while on duty. Ms. Shaw's actions were clearly in violation of this provision.

Relying upon several of the factors in section 229(2) of the Restatement listed above, however, Appellant argues that although not authorized, Ms. Shaw's conduct was so incidental to authorized conduct that she should be considered as acting within the scope of her employment. A close review of all the factors, however, reveal that this section offers no support to Appellant's position. Applying these factors to the facts presented, we come to the following conclusions: Ms. Shaw's actions were not common in any way to acts taken by employees of Appellee; Ms. Shaw's actions were personal in nature; Ms. Shaw was not performing any duty entrusted to her by Appellee; Appellee had no reason to suspect that Ms. Shaw would behave in such a manner; Ms. Shaw's actions showed no similarity to actions authorized; the object thrown by Ms. Shaw was not furnished to her for that purpose; Ms. Shaw deviated from Appellee's policies and normal methods of dealing with unruly customers; and, finally, she was convicted of assault for her actions. These conclusions clearly indicate that Ms. Shaw's actions were not incidental to authorized conduct in such a manner as to make them within her scope of employment.

Second, with regard to section 228(1)(c), the undisputed facts clearly indicate that Ms. Shaw's actions were not taken in furtherance of Appellee's business interest. Instead, Ms. Shaw's testimony shows that her actions were personal in nature. Further, no facts were offered indicating that Ms. Shaw was attempting to force Appellant to leave the premises.

Finally, with regard to section 228(1)(d), we find Appellant's argument that Ms. Shaw's actions were foreseeable to be without merit. Appellant draws a questionable inference that because Appellee had a policy of refusing service to unruly customers, that Appellee should have foreseen physical altercations between patrons and employees. Other than this inference, Appellant has offered no facts which would tend to show that Appellee expected such conduct or had experienced similar occurrences previously by other employees. Rather, we have undisputed facts showing that Ms. Shaw had never acted violently to a customer while employed with Appellee or at any time during previous employment.

In sum, we find this case to be exactly the type of case that can properly be disposed of on summary judgment as contemplated by this Court in Tennessee Farmers. Our statement that the actions of an employee can "can be reviewed as a question of law when the employee's acts are clearly beyond the scope of his authority" applies directly to the present case. Accordingly, we find

---

[2] Appellant asserts that when customers became irate or rude, Appellee had a policy of "freezing" them out by refusing to offer them service in the hope that they would leave the restaurant.

that the trial court did not err in holding that, as a matter of law, Ms. Shaw did not act within the scope of her employment.

Thus, based on the foregoing conclusions, we hereby affirm the decision of the trial court. Costs on appeal are assessed against the Appellant, Lance J. Morris, and his surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE