**Alan CRAIG, Plaintiff–Appellant,**

**v.**

**Deborah F. GENTRY and Calvin Gentry, Defendants–Appellants,**

**and**

**Louis Williams, Individually and d/b/a Williams Generics, and Williams Generics, Inc., Defendants–Appellees,**

**and**

**Deborah F. GENTRY and Calvin Gentry, Third–Party Plaintiffs–Appellants,**

**v.**

**James Douglas CARROLL, Third–Party Defendant–Appellant.**

Court of Appeals of Tennessee, Western Section.

Feb. 15, 1990.

Application to Appeal Denied by Supreme Court May 7, 1990.

Jerry F. Taylor, Memphis, for appellant Alan Craig.

Fred P. Wilson, Memphis, for Deborah and Calvin Gentry.

Gavin M. Gentry, Lucian T. Pera, Steven W. Likens, Memphis, for appellants James Carroll and United Services Auto. Ass'n.

Richard Glassman, John Barry Burgess, Glassman & Jeter, P.C., Memphis, for the appellees Louis Williams and Williams Generics, Inc.

FARMER, Judge.

This matter results from a collision involving an automobile driven by Deborah F. Gentry and owned by her father, Calvin Gentry and a motorcycle on which plaintiff Alan Craig was a passenger. Craig sued the Gentrys as well as Ms. Gentry's employer, Louis Williams, individually and d/b/a Williams Generics and Williams Generics, Inc. (Williams). The complaint alleges that Ms. Gentry was on or about the business of her employer at the time of the accident, thus imputing her negligence to her employer.

Williams moved to dismiss the complaint for failure to state a cause of action and because no agency existed between Ms. Gentry and Williams. Since the trial court's order indicates that matters outside the pleadings were considered, the court obviously treated this as a motion for summary judgment pursuant to Rule 12.02 T.R.C.P. and dismissed the matter as to Williams on the basis that Ms. Gentry was not on or about the business of her employer nor acting in furtherance of her employer's business, but rather was on her own personal business at the time of the accident.

In ruling on a motion for summary judgment, the trial court and this Court must consider the matter in the same manner as a motion for directed verdict made at the close of plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420 (Tenn.App.1985).

On the date of the accident, Ms. Gentry was employed by Williams. She and her co-workers, including her supervisor, decided to purchase a popcorn popper as a birthday present for Mr. Williams' daughter who was a summer employee. Sometime after lunch, Ms. Gentry embarked on the mission to go to a Target store to purchase the gift and also to go to the bank to make the company's deposit. It was not uncommon for employees to use their own vehicles while on such errands.

Ms. Gentry drove to the Target store and purchased the gift. It was then her intention to proceed to the bank to make the deposit. As she started her car, a man ran up to her and advised her that there were sparks coming up from underneath the car. Ms. Gentry did not know the man and had had no such prior problems with the vehicle. According to her affidavit, she was alarmed by his presence and determined to leave the Target parking lot to telephone her father, as he had instructed her to do when she had car trouble. She decided to go to Auto Shack, located on the other side of Stage Road, where friends were employed and where she knew she would be able to use the telephone to call her father. As she proceeded across Stage Road, the collision with the motorcycle resulted. Ms. Gentry was proceeding in a northerly direction across Stage Road and the motorcycle in a westerly direction. Had she gone from the Target store directly to the bank, she would have turned right on Stage Road and proceeded easterly.

Appellant contends that, even if Ms. Gentry were on a personal mission, her deviation was so slight that it would not relieve her employer of liability. Further, that the deviation was, at least partly, to serve her employer. Appellee counters that once she

started across Stage Road toward Auto Shack to make the phone call, she ceased the errand of her employer and went outside the course of the scope of her employment.

■ An employer is liable for the negligent acts of an employee if the employee is on the employer's business and acting within the scope of his employment at the time the negligent act occurs. *Leeper Hardware Company v. Kirk*, 58 Tenn.App. 549, 434 S.W.2d 620 (1968). However, when a servant deviates from his line of duty and engages in a mission of his own or for some third person, the master cannot be held under the rule of *respondeat superior*. *Pratt v. Duck*, 28 Tenn.App. 502, 191 S.W.2d 562 (1945). It is further stated in *Pratt:*

> With relation to a trip involving both the business of the employer and the private purpose of the employee, it has been said:
> "The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal." Per Cardozo C.J., in *Marks v. Gray*, 251 N.Y. 90, 93, 167 N.E. 181, 183.

*Id.*, 191 S.W.2d at 566–567.

In *Leeper Hardware Company v. Kirk*, *supra*, the employer learned that employee Brown planned to go home for lunch. Leeper instructed Brown to pick up a lawn mower at Leeper's home and to use it in mowing the lawn of a house owned by Leeper. Brown stopped to purchase his lunch then drove toward the Leeper home and his home. A collision occurred before he reached the Leeper home. In finding that Brown was within the scope of his employment and on the business of his employer at the time of the accident, the court said:

> We then have a situation where Brown was, at least in part, on a mission for the defendant hardware company at the time the accident occurred. The mission was one within the bounds of Brown's duties as a general handyman, and was one that Brown was directly instructed to perform by his employer. It is true there is evidence that Brown was partially serving his own purpose in driving on Mt. Horeb Road, in that he intended to eat lunch while on the trip, but this does not necessarily place Brown "beyond the scope of his employment," nor does it relieve the defendant hardware company from liability for Brown's negligence in operating the automobile on the trip. [Citations omitted.]
> "The test in brief is this: If the work of the employer creates the necessity for travel, [the employee] is in the course of his employment, though he is serving at the same time some purpose of his own. If, however, the work is merely incidental to the travel, and the trip would not have been made but for the private purpose of the servant, he is out of the scope of his employment in making it." [Citations omitted.]
> In this case, the work of the employee Brown created the necessity for Brown to drive a motor vehicle from the hardware store to the Leeper home. The trip would have been made, even though Brown had chosen to eat his lunch at some place other than his home or had chosen not to eat lunch at all.
> We find from the evidence in this cause, as did the trial judge, that Brown was acting within the scope of his employment and was on the business of his employer at the time the accident occurred and that, as a consequence, the defendant hardware company is liable for damages resulting from Brown's negligence.

*Id.* 434 S.W.2d at 624–25.

Both parties rely upon *Bowers v. Potts*, 617 S.W.2d 149 (Tenn.App.1981) which states:

If an employee who is supposed to perform certain work for his employer steps or turns aside from his employer's work or business to serve some purpose of his own, unconnected with the employer's business, or if he deviates or departs from his work to accomplish some purpose of his own that is unconnected with his employment, the relationship of employer and employee or master and servant is thereby temporarily suspended. The master or employer is not liable for the acts of the servant or employee during the period of such suspension, because the employee is then acting upon his own volition, obeying his own will, not as a servant or agent, but as an independent person, even though he may intend and does return to his employer's business after he has accomplished the purpose of his detour from duty. In other words, where a servant or employee deviates from his line of duty and engages in a mission of his own, or from some third person, the master or employer cannot be held liable or responsible for the acts of the servant or employee. [Citations omitted.]

To render an employer liable for an employee's negligence while engaged partly in purposes of his own and partly in furtherance of the employer's business, the servant's actuation by the purpose of serving the employer's business must be more than that which is merely incidental, casual, technical, suppositional or argumentative. 53 Am.Jur.2d *Master and Servant* § 432 (1970).

*Id.* at 156.

██ Whether the employee's act is within the scope of his employment is ordinarily a question of fact for the jury, except where the departure from the master's business is of marked and decided character. *Home Stores, Inc. v. Parker,* 179 Tenn. 372, 166 S.W.2d 619 (1942). The employer in this case does not contend that the trip to Target to purchase was not in the scope of Ms. Gentry's employment. It is unquestioned that her trip to the bank to make the company's deposit was within the course and scope of her employment. As we view this matter, her automobile was an integral part of this journey. When she experienced, or had reason to believe she was experiencing, mechanical problems with her car, she decided to call her father as he had instructed her to do. Being apprehensive about getting out of her car because of the stranger's presence, she made the decision to cross Stage Road to reach Auto Shack where friends worked and where she knew she could use the telephone. In our view, the attempt to take steps to see about the potential mechanical problems with her vehicle was all part and parcel of her continued journey to make her employer's bank deposit, rather than a personal mission of her own. We view her actions in the same light we would if she were driving across Stage Road to purchase gasoline for her car or to have a flat tire repaired, thus enabling her to continue her journey to the bank. Examining the evidence in the light most favorable to the opponents of the motion, as we are bound to do, we cannot say that Ms. Gentry had deviated from the course of her employment as a matter of law when the collision occurred.

The judgment of the trial court dismissing defendant Williams is reversed and this cause is remanded to the trial court for further proceedings. Costs of this appeal are taxed to appellees for which execution may issue if necessary.

HIGHERS, J., and RUSSELL, Special Judge, concur.