NUMBER 13-98-586-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MARCIA WILLIAMS, A/K/A MARCIA LASLEY DEAN
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of Aransas County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Rodriguez



 A jury found appellant, Marcia Williams, guilty of unlawful
possession of a controlled substance.(1) The court assessed punishment
with enhancement(2) at twenty-five years confinement in the Institutional
Division of the Texas Department of Criminal Justice. It is undisputed
that the police searched a motel room occupied by appellant and found
crack cocaine and a small gram scale in appellant's purse. The only
issue at trial was whether appellant knew the package in her possession
was crack cocaine. By two points of error, appellant contends she was
denied due process and effective assistance of trial counsel. We affirm.

 By her first point of error, appellant asserts she was denied due
process and a fair trial when the trial court failed to stop the State from
cross-examining her about her refusal to talk to the police after her
arrest. Appellant urges that the cross-examination was improper
because it implied that her sworn trial testimony was a recent
fabrication instead of a lawful invocation of her right to remain silent and
not incriminate herself. Appellant further argues that it was improper for
the State to call a police witness to establish appellant's post-arrest
silence. The State contends this point of error was not preserved for
review.

 It is well established that the State may not use an individual's
post-arrest, post-Miranda silence against her. See Doyle v. Ohio, 426
U.S. 610, 619 (1976); Sanchez v. State, 707 S.W.2d 575, 580 (Tex.
Crim. App. 1986). However, "[a] defendant's right to remain silent and
not have that silence used against him at trial has long been considered
a forfeitable trial right." See Miller v. State, 939 S.W.2d 681, 689 (Tex.
App.--El Paso 1996, no pet.) (citing Wheatfall v. StateI, 882 S.W.2d 829,
836 (Tex. Crim. App. 1994) (complaint concerning admission of evidence
of defendant's post-arrest silence waived in absence of objection); Smith
v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (defendant's
failure to object to admission of evidence showing post-arrest silence
waived in absence of objection; admission of evidence is not
fundamental error); Cisneros v. State, 792 S.W.2d 78, 83 (Tex. Crim.
App. 1985) (defendant's complaints concerning use of pre-arrest and
post-arrest silence waived in absence of objection)). Therefore, to
preserve error concerning the erroneous admission of evidence regarding
post-arrest silence, appellant must have timely lodged a specific
objection in the trial court. See Tex. R. App. P. 33.1; Tex. R. Evid.
103(a)(1). Our review of the record reveals that defense counsel did not
object to the post-arrest silence testimony about which appellant now
complains. Accordingly, we hold error, if any, was not preserved for
review. Appellant's first point of error is overruled.

 By her second point of error, appellant asserts she received
ineffective assistance of counsel. Appellant identifies six areas of alleged
ineffective assistance. She maintains her counsel (1) failed to file proper
pre-trial motions, (2) failed to file motions to quash the search warrant
and to suppress evidence seized from appellant's purse, (3) failed to
argue effectively during opening and closing, (4) failed to conduct an
effective cross-examination of the State's witnesses and called a co-defendant who added nothing and was impeached by the State, (5)
opened the door to cross-examination of appellant by the prosecution
concerning appellant's criminal record, and (6) made ineffective
objections, or no objections, to the prosecutor's improper arguments and
questions.

 To prevail on an ineffective assistance claim, appellant has the
burden of proving (1) her attorney's representation was below an
objective standard of reasonableness, and (2) but for her attorney's
errors, the result of the proceeding would have been different, thus
prejudicing her trial. See Cardenas v. State, No. 73,107, slip op. at 10,
2000 Tex. Crim. App. LEXIS 45, at *17 (Tex. Crim. App. April 26, 2000)
(citing Strickland v. Washington, 466 U.S. 668, 687 (1984); McFarland
v. State, 845 S.W.2d 824, 842-43 (Tex. Crim. App. 1992), cert. denied,
508 U.S. 963 (1993)); Sanders v. State, 963 S.W.2d 184, 190 (Tex.
App.--Corpus Christi 1998, pet ref'd.) (citations omitted). To prove
prejudice, appellant must demonstrate a reasonable probability that the
result of her trial would have been different had counsel not performed
deficiently. See Cardenas, slip op. at 10, 2000 Tex. Crim. App. LEXIS at
*17. A reasonable probability is a probability sufficient to undermine
confidence in the outcome of the trial. See id.

 We first review appellant's sixth ineffective assistance claim
wherein she complains that her counsel failed to object to improper
questions asked by the prosecutor. We construe this general claim to
include a complaint regarding questions relating to appellant's alleged
post-arrest silence.

 On direct examination, appellant testified she was sitting on the
front porch of a motel, the Cedar Lodge Motel, when Cleveland
Brundage, an acquaintance, handed her something. Brundage told her
to hold it and that he would be back to get it. Appellant testified she did
not know what Brundage had given her.(3) Nonetheless, appellant took
it and put it in her purse.

 After appellant related this story, the prosecutor, during cross-examination, questioned her about whether this was the first time she
had told anyone about Brundage giving her the cocaine. Appellant
answered that she told the police about it the day she was arrested. 
Appellant's counsel did not object to this line of questioning.

 The State contends that such questions are not objectionable as
propounded because appellant testified she was not silent; she told the
officers that Brundage had given her the cocaine. We agree. Appellant's
testimony does not impact her ineffective assistance claim. The
questions were not objectionable on the basis of post-arrest silence
because appellant was not silent.

 However, appellant also complains of defense counsel's failure to
object to the State's questioning of Narcotics Officer Jim Dickson. The
prosecutor called Officer Dickson as a rebuttal witness. On the day of
the arrest, Officer Dickson oversaw the agents who conducted the
search of the motel rooms. He interviewed appellant at the motel. 
Officer Dickson testified that when he asked appellant about the crack
cocaine found in her purse and in the room, she responded that "she
didn't want to say anything." When asked what her general attitude or
demeanor was that day, Officer Dickson testified that appellant "didn't
want to cooperate. She was not going to talk at all about anything. It
was like I gave her an opportunity to explain what her business there
was, what she was doing in possession. She didn't want to talk." 
Officer Dickson also testified that appellant said nothing about
Brundage.

 Comments on a defendant's post-arrest silence fall into three
categories:

 [1] When the prosecution uses defendant's post-arrest silence
to impeach an exculpatory story offered by defendant at trial
and the prosecution directly links the implausibility of the
exculpatory story to the defendant's ostensibly inconsistent
act of remaining silent, reversible error results even if the
story is transparently frivolous.


 [2] When the prosecutor does not directly tie the fact of
defendant's silence to his exculpatory story, i.e., when the
prosecutor elicits that fact on direct examination and refrains
from commenting on it or adverting to it again, and the jury
is never told that such silence can be used for impeachment
purposes, reversible error results if the exculpatory story is
not totally implausible or the indicia of guilt not
overwhelming.


 [3] When there is but a single reference at trial to the fact of
defendant's silence, the reference is neither repeated nor
linked with defendant's exculpatory story, and the
exculpatory story is transparently frivolous and evidence of
guilt is otherwise overwhelming, the reference to defendant's
silence constitutes harmless error.


Buitureida v. State, 684 S.W.2d 133, 142 (Tex. App.--Corpus Christi
1984, pet. ref'd) (citing Chapman v. United States, 547 F.2d 1240, 1249-50 (5th Cir. 1977)).

 The State contends that the line of questioning at issue was not
argued or commented on during its closing; that it was avoided
altogether. The State further contends the testimony was not repeated
and no reference was made to what appellant may have said, or may
not have said, to the police. Further, even if such examination was
questionable, the State asserts it was not harmful. We agree in view of
the following: the appellant points to only one alleged line of questioning
by the prosecution that concerns the silence of appellant; no contention
is made by appellant that the remark was repeated or directly linked with
her exculpatory story; the prosecution did not repeat the testimony or
comment on the testimony during closing argument; the exculpatory
story appears transparently frivolous; and the evidence of guilt appears
otherwise overwhelming. See id. 

 Further, appellant's testimony indicated she did not remain silent
but made, what appears to have been, the same statement in court as
was made to the officers on the day of her arrest. We therefore conclude
the error, if any, related to appellant's sixth claim of ineffective assistance
of counsel was harmless.

 Appellant's first five challenges to the effectiveness of her trial
counsel must also fail because she has failed to allege how the result
of the proceeding would have been different if counsel had not made the
alleged errors. See Strickland, 466 U.S. at 690-94; Sanders v. State, 963
S.W.2d 184, 190 (Tex. App.--Corpus Christi 1998, pet. ref'd). 

 Accordingly, we overrule appellant's second point of error.


 The trial court's judgment is AFFIRMED. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 27th day of July, 2000.

 

1. See Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp.
2000).
2. See Tex. Pen. Code Ann. § 12.42 (Vernon Supp. 2000).
3. During cross-examination, appellant testified that she had never
seen crack cocaine before, and that Brundage gave her something that
looked like diced potatoes.