IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 5, 2002 Session

# LIDELL GREEN RUSSELL, ET AL. v. CITY OF MEMPHIS, TENNESSEE

**Direct Appeal from the Circuit Court for Shelby County**
**No. 80147 T.D.    George H. Brown, Jr., Judge**

_____

**No. W2001-01307-COA-R3-CV - Filed April 25, 2002**

_____

This is an appeal from a wrongful death action brought against the City of Memphis pursuant to the Governmental Tort Liability Act. The trial court granted summary judgment to the City of Memphis, finding that at the time of the accident giving rise to this action its employee was not acting within the scope of his employment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DON R. ASH, SP. J., joined.

William W. Heaton, Memphis, Tennessee, for the appellants, Lidell Green Russell and George Green as Co-Administrators of the Estate of Bobby E. Russell, Jr.

Sherry R. Brooks and Carrie L. Clark, Memphis, Tennessee, for the appellee, City of Memphis, Tennessee.

**OPINION**

The facts giving rise to this action are undisputed. On the afternoon of Saturday, July 19, 1995, decedent Bobby E. Russell was doing yard work when he was struck and killed by a passing vehicle in Arlington, Tennessee. The vehicle was owned by the City of Memphis ("City") and operated by James Michael Williams, a major/commander of the Auto Theft Division, Investigative Services Division, of the Memphis Police Department. At the time of the accident, Williams was off-duty and not scheduled for work, but remained on-call. He was using the City's vehicle to run personal errands and had consumed alcoholic beverages earlier in the day. Williams left the scene of the accident without rendering aid to the decedent.

The administrators of Bobby Russell's estate ("Russells") brought suit for wrongful death against Williams and the City on July 24, 1996. The City moved for summary judgment, arguing

that there were no disputed issues of material fact and that it was immune from liability under the Governmental Tort Liability Act because Williams was acting outside the scope of his employment when the accident occurred or, in the alternative, that Williams' actions were willful, malicious or reckless. The trial court determined that Williams was acting outside the scope of employment at the time of the accident and granted summary judgment to the City. The Russells now appeal.

The dispositive issue raised in this appeal, as we perceive it, is whether the trial court, based on undisputed facts, erred in determining that Williams was acting outside of his scope of employment when the accident occurred, thereby rendering the City immune from suit.

Our review of the trial court's determinations on issues of law is *de novo* with no presumption of correctness. *Thurmon v. Sellers*, 62 S.W.3d 145, 151 (Tenn. Ct. App. 2001). Where the facts are undisputed, the issue presented for appeal is one of law and there is therefore no presumption of correctness. *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 936 (Tenn. Ct. App. 1992). Summary judgment is appropriate where there are no issues of material fact and a party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). In determining whether summary judgment is appropriate, the court must view the evidence in the light most favorable to the nonmoving party and allow all reasonable inferences in its favor. *Id*. Summary judgment should be granted when the facts and the inferences which may be drawn from those facts allow only one conclusion. *Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). When reviewing an award of summary judgment, the task of this Court is to review the record to establish whether the requirements of rule 56 have been met. *Id.* at 88.

The Governmental Tort Liability Act ("GTLA"), as codified at Tenn. Code Ann. § 29-20-201 *et seq.,* removes governmental immunity from suit for injuries which are proximately caused by a negligent act or omission of an employee acting within the scope of his employment. Tenn. Code Ann. § 29-20-205 (2002). In determining whether a governmental entity is subject to suit for an allegedly negligent act of its employee, therefore, the court must first determine whether that employee was acting within the scope of his employment when the injury complained of occurred. Tenn. Code Ann. § 29-20-310(a)(Supp.2001). Only if the employee was acting within the scope of his employment may the government be subject to suit. *Id.*

The doctrine of *respondeat superior* serves to make an employer, in this case the City, vicariously liable for torts committed by its employee when that employee was acting within the scope of his employment. *Tennessee Farmers Mut. Ins. Co*, 840 S.W.2d at 937. In general, acts committed within the course and scope of employment are those acts committed by an employee while that employee is engaged in the service of his employer or on the employer's business. *Thurmon v. Sellers*, 62 S.W.3d 145,153 (Tenn. Ct. App. 2001). When the injury is caused by the operation of a motor vehicle owned by the employer, proof of ownership and registration constitute *prima facie* evidence that the vehicle was being operated for the employer's benefit and within the scope of employment of the employee. *Id.*; Tenn. Code Ann. §§ 55-10-311 and 55-10-312 (1998). However, the *prima facie* case can be overcome by

evidence to the contrary that is uncontradicted and comes from a witness whose credibility is not an issue. **Thurmon**, 62 S.W.3d at 153. In this case, it is undisputed that Williams was not scheduled to work on the day of the accident, that he was not responding to a call, and that he was not otherwise engaged in City business. The Russells argue, however, that because Williams was on-call at the time of the accident and using a vehicle owned by the City, he was acting within the scope of his employment. We disagree.

This Court recently addressed the issue of whether an on-call employee, operating his employer's vehicle for personal use, should be considered to be acting within the scope of his employment although not furthering his employer's business at the time of the accident in **Thurmon v. Sellers**, 62 S.W.3d 145 (Tenn. Ct. App. 2001). In **Thurmon**, we extended the reasoning of **Craig v. Gentry**, 792 S.W.2d 77 (Tenn. Ct. App. 1990), to situations involving on-call employees. In **Craig**, we stated that "when a servant deviates from his line of duty and engages in a mission of his own or for some third person, the master cannot be held [liable] under the rule of respondeat superior." **Thurmon,** 62 S.W.3d at 155 (quoting **Craig**, 792 S.W.2d at 79). Accordingly, in **Thurmon** we held that the fact that an employee is on-call while operating his employer's motor vehicle does not, by itself, necessitate a finding that the employee was acting within the course and scope of employment when the accident occurred. **Id.** In **Thurmon** we suggested a non-exclusive list of factors to be considered by the court in determining whether the on-call employee was acting within the scope and course of his employment when he caused the complained of injury. These factors include:

1. Whether, at the time of the accident, the employee's use of the vehicle benefitted the employer;

2. Whether the employee was subject to the employer's control at the time of the accident;

3. Whether the employee's after-hour activities were restricted while on call;

4. Whether the use of the vehicle at the time of the accident was authorized by the employer; and

5. What the employee's primary reason for using the vehicle was at the time of the injury-producing accident.

**Id.** We further noted that while each case must be determined on its own particular facts, the primary focus should be on whether the vehicle was in fact being used within the scope of employment. **Id.** The fact that an employee was on-call when using the employer's vehicle is not sufficient. The court must ascertain whether the vehicle was being used for the purposes of the employer.

In this case, it is undisputed that Williams was using the City's vehicle for personal use when the accident causing the decedent's death occurred. At the time of the accident, although Williams was on-call, his use of the vehicle was not for the benefit of the City; he was not subject to the City's control; his after-hours activities were not restricted; his purpose for using the vehicle was purely personal. Accordingly, Williams was acting outside the scope of his employment at the time of the accident. The City therefore is not subject to suit pursuant to the provisions of the GTLA, nor would it be vicariously liable under the reasoning of *Thurmon*.

Summary judgment for the City is affirmed. Costs of this appeal are taxed to the appellants, Lidell Green Russell and George Green as Co-Administrators of the Estate of Bobby E. Russell, Jr., and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE