# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 27, 2004

## PARRIS LESTER v. CRACKER BARREL OLD COUNTRY STORE, INC.

**Appeal from the Circuit Court for Wilson County**
**No. 12178     John D. Wootten, Jr., Judge**

---

**No. M2003-02409-COA-R3-CV - Filed June 2, 2004**

---

This appeal concerns a restaurant's liability for the conduct of an employee who verbally abused and bumped a customer. The customer filed suit against the restaurant in the Circuit Court for Wilson County seeking damages for intentional infliction of emotional distress. The trial court granted the restaurant a summary judgment and the customer appealed. The sole issue on appeal is whether the employee was acting within the scope of his employment when he harassed and bumped the customer. Because we find as a matter of law the employee was not acting within the scope of his employment, we affirm the summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, PATRICIA J. COTTRELL, and FRANK G. CLEMENT, JR., JJ., delivered the opinion of the court.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Parris Lester.

John Thomas Feeney and Shannon E. Poindexter, Nashville, Tennessee, for the appellee, Cracker Barrel Old Country Store, Inc.

### MEMORANDUM OPINION[1]

### I.

On February 2, 2002, Parris Lester, his wife, his eighteen month old granddaughter, and a family friend went to eat at the Cracker Barrel Old Country Store ("Cracker Barrel") in Lebanon, Tennessee. Michael Fisher, a Cracker Barrel host, seated them, but appeared inconvenienced when Mr. Lester requested a high chair for his granddaughter. After Mr. Lester's granddaughter spilled

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

her milk, Mr. Fisher admonished the family to be more careful. The granddaughter then began playing with a wooden trifold advertisement. Mr. Fisher forcibly took the advertisement from the child, stating she should not be playing with it. When the child began to cry, Mr. Fisher remarked sarcastically "yes, let her do whatever she wants."

As Mr. Lester was leaving the restaurant, Mr. Fisher intentionally bumped into him. A cashier then asked Mr. Lester what was wrong. While Mr. Lester related what had occurred, Mr. Fisher came over and asked "what is he whining about now." Mr. Fisher then confronted Mr. Lester and told him they needed to go somewhere and settle this.

On April 24, 2002, Mr. Lester filed a complaint against Cracker Barrel in the Circuit Court for Wilson County seeking damages for intentional infliction of emotional distress and asserting that Cracker Barrel is vicariously liable for the actions of Mr. Fisher. Cracker Barrel filed an answer denying liability and subsequently moved for a summary judgment on the grounds that Mr. Fisher was not acting within the scope of his employment during his interaction with Mr. Lester.

In support of its motion for summary judgment, Cracker Barrel submitted a statement of undisputed facts, a copy of the Cracker Barrel Employee Handbook, and the affidavit of Patrick Wilson, the Cracker Barrel floor manager at the time of the incident. In addition to setting forth the events of February 2, 2002, the statement of undisputed facts provided details regarding Cracker Barrel's employee policies and Mr. Fisher's employment in particular. Cracker Barrel's employee rules of conduct require employees to be courteous and friendly to guests and prohibit employees from using profane, indecent or abusive language, acting in a rude or boisterous manner, engaging in harassing conduct or making threats to guests. Mr. Fisher had signed a statement acknowledging that Cracker Barrel's mission was "pleasing people" and pledging to comply with all of Cracker Barrel's rules and policies. Cracker Barrel management had evaluated Mr. Fisher's performance as a host less than a month before the incident and determined that Mr. Fisher met the requirements for hospitality and proper dialogue with customers. Finally, Mr. Fisher was fired as a result of the incident.

In response to the motion for summary judgment, Mr. Lester admitted each fact listed in Cracker Barrel's statement of undisputed facts. He asserted, however, that Mr. Fisher's actions were committed while furthering Cracker Barrel's business and that "there are too many questions of fact regarding the scope of employment to grant summary judgment." Mr. Lester did not file a statement of additional material facts or support his response with affidavits or discovery materials. The trial court granted the motion for summary judgment and dismissed the complaint.

## II.

Because summary judgments involve issues of law rather than issues of fact, they enjoy no presumption of correctness on appeal. *BellSouth Advertising & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn.2003); *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn.2002). Accordingly, this court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997).

A motion for summary judgment should be granted when the moving party demonstrates that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). To be entitled to a judgment as a matter of law, a defendant must either affirmatively negate an essential element of the plaintiff's claim or conclusively establish an affirmative defense. *Byrd v. Hall*, 847 S.W.2d 208, 215 n. 5 (Tenn. 1993); *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party successfully negates an essential element of the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential element of the claim. Mere conclusory generalizations will not suffice. *Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W.3d 860, 864 (Tenn. Ct. App. 2001).

In order to hold Cracker Barrel liable for the actions of Mr. Fisher, Mr. Lester must prove that the Mr. Fisher was acting within the scope of his employment when the injury occurred. *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 386 (Tenn. 1986). If Cracker Barrel can negate this essential element of Mr. Lester's claim, Cracker Barrel is entitled to a summary judgment.

Whether an employee is acting within the scope of his or her employment is generally a question of fact. *Craig v. Gentry*, 792 S.W.2d 77, 80 (Tenn. Ct. App. 1990). It becomes a question of law, however, when the facts are undisputed and cannot support conflicting conclusions. *Tennessee Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992). Where the employee's acts are clearly beyond the scope of his authority, the issue is a question of law. *Tennessee Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 840 S.W.2d at 937.

The Restatement (Second) of Agency provides a framework for determining whether an employee's acts are within the scope of employment. *Tennessee Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 840 S.W.2d at 937-38. The Restatement (Second) of Agency § 228 (1957) provides:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> > (a) it is of the kind he is employed to perform;
> >
> > (b) it occurs substantially within the authorized time and space limits;
> >
> > (c) it is actuated, at least in part, by a purpose to serve the master; and
> >
> > (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the master.

-3-

The Restatement (Second) of Agency § 229 provides:

> (1)     To be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.
>
> (2)     In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:
>
> > (a)     whether or not the act is one commonly done by such servants;
> >
> > (b)     the time, place and purpose of the act;
> >
> > (c)     the previous relations between the master and the servant;
> >
> > (d)     the extent to which the business of the master is apportioned between different servants;
> >
> > (e)     whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;
> >
> > (f)     whether or not the master has reason to expect that such an act will be done;
> >
> > (g)     the similarity in quality of the act done to the act authorized;
> >
> > (h)     whether or not the instrumentality by which the harm is done has been furnished by the master to the servant;
> >
> > (i)     the extent of departure from the normal method of accomplishing an authorized result; and
> >
> > (j)     whether or not the act is seriously criminal.

This court recently applied the Restatement factors in determining a restaurant's liability for the intentional tort of an employee in *Morris v. Collis Foods, Inc.*, No. W2001-00918-COA- R3-CV, 2002, 2002 WL 1349514 (Tenn. Ct. App. June 19, 2002) (No Tenn. R. App. P. 11 application filed). The events in *Morris* were similar to the events in this case. Following a verbal altercation over the

service, a waitress threw an object at a customer striking him in the head and causing injuries. Based on undisputed facts very similar to those established by Cracker Barrel in this case, the *Morris* court determined that the waitress's actions were clearly outside of the scope of her employment and affirmed the trial court's order granting the restaurant a summary judgment.

Applying the Restatement factors to the undisputed facts in this case, we reach the same conclusion as the *Morris* court. Mr. Fisher's actions, like those of the waitress in *Morris*, were not authorized by his employer. To the contrary, his actions were specifically prohibited by Cracker Barrel's rules of conduct. Mr. Fisher did not verbally abuse and bump Mr. Lester in furtherance of Cracker Barrel's business. These actions were personal in nature. Moreover, Cracker Barrel had recently evaluated Mr. Fisher and had no reason to expect that he would treat a customer in such a manner. Accordingly, we conclude that Mr. Fisher's acts were outside of the scope of his employment as a matter of law and that the trial court properly granted Cracker Barrel's motion for summary judgment.

### III.

We affirm the trial court's order granting Cracker Barrel a summary judgment and remand the case to the trial court for such further proceedings as may be necessary. We also tax the costs of the appeal to Parris Lester for which execution, if necessary, may issue.

PER CURIAM