IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 4, 2020 Session

## SHAWN GRAY, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF ANGELA G. GRAY, DECEASED v. JEREMY G. BAIRD ET AL.

### Appeal from the Circuit Court for Rutherford County
No. 70471    Barry R. Tidwell, Judge

_____

### No. M2019-01056-COA-R3-CV

_____

This is an appeal of the trial court's decision to summarily dismiss a claim of vicarious liability against the owner of the vehicle that was involved in a fatal vehicular accident. The driver of the vehicle was the son and employee of the vehicle owner, and it is alleged that the driver was acting in the course and scope of his employment with the vehicle owner at the time of the collision. The owner of the vehicle filed for summary judgment, and the trial court found the affidavits and deposition testimony of the owner and his son refuted the prima facie evidence of vicarious liability created by Tenn. Code. Ann. §§ 50-10-311 and -312 that the son was acting in the course and scope of his employment at the time of the collision. The plaintiff appeals contending that summary judgment was not proper because the owner and his son were interested witnesses and their credibility was at issue. We agree. It is undisputed that the son's employment necessitated his travel on the road where the collision occurred, and whether the son had deviated from the defendant's business prior to the collision is a material fact that is in dispute. For this reason, we reverse the trial court's grant of summary judgment and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Donald N. Capparella, Mathieu R. Berman, Sean James Martin, Kimberly Macdonald, and Lindsay Paige Norfleet, Nashville, Tennessee, for the appellant, Shawn Gray.

Jamie Morrell, Brentwood, Tennessee; Bradford Box and Brandon Wayne Reedy, Jackson, Tennessee; and John Richardson Rucker, Jr., Murfreesboro, Tennessee, for the

appellee, Jeremy G. Baird

Bradford Box and Brandon Wayne Reedy, Jackson, Tennessee; and John Richardson Rucker, Jr., Murfreesboro, Tennessee, for the appellee Terry Baird.

## OPINION

This case arose out of a motor vehicle collision that occurred on March 4, 2015, when a vehicle operated by Jeremy Baird ("Jeremy") struck and killed Angela Gray while driving on Highway 109 in Wilson County. The vehicle Jeremy was driving was owned by his father Terry Baird ("Mr. Baird"), and it was utilized by Mr. Baird and others for both personal and business uses. At the time of the collision, Jeremy worked for his father's business, Exposure Advertising ("Exposure").

Shawn Gray ("Plaintiff"), who was Angela Gray's husband, commenced this action by filing a complaint for wrongful death and loss of consortium against Jeremy and Mr. Baird.[1] The complaint, *inter alia*, alleged that the accident and Angela Gray's injuries and death were the result of the negligent acts and omissions of Jeremy and that Mr. Baird was vicariously liable for the death of Angela Gray because she died in a vehicular collision with Jeremy while he was acting in the course and scope of his employment working for Mr. Baird.[2]

The only issue on appeal is whether the trial court erred by granting summary judgment for Mr. Baird on Plaintiff's assertion of vicarious liability under the doctrine of respondeat superior.

In support of his Motion for Summary Judgment, Mr. Baird claimed that the undisputed evidence showed Jeremy completed his work for the day before the collision occurred. Plaintiff filed a proper response in opposition to the motion noting that the evidence Mr. Baird relied on—which consisted solely of the testimony of Mr. Baird and Jeremy—was insufficient to refute the prima facie evidence of vicarious liability created by Tenn. Code. Ann. §§ 50-10-311 and -312 because Mr. Baird and Jeremy were interested witnesses. Furthermore, Plaintiff filed a Statement of Facts and Disputed Facts

---

[1] Candis Lindsay and Sonya Baird were also named as defendants. Cadis Lindsay was driving a third vehicle that was incidentally involved in the accident. Sonya Baird is the wife of Terry Baird and mother of Jeremy Baird. All claims against these two defendants were summarily dismissed and Plaintiff does not appeal the dismissal of his claims against Candis Lindsay or Sonya Baird.

[2] The complaint also asserted a claim based on the Family Purpose Doctrine but that claim was dismissed and Plaintiff does not appeal the trial court's grant of summary judgment on his claim.

- 2 -

by which he disputed many of the material facts Mr. Baird relied on in his Statement of Undisputed Facts. Plaintiff also cited evidence from the depositions of Jeremy, Mr. Baird, Sonia Baird, Jeremy's mother and the wife of Mr. Baird. In particular, Plaintiff disputed whether Jeremy had completed his work duties and changed his route to pick up a pizza for his family dinner later in the day. Plaintiff contended this disputed fact is material to the issue and there exists a genuine issue concerning whether Jeremy was or was not acting in the course and scope of Mr. Baird's employment at the time of the fatal collision.

In its Order of October 29, 2018, the trial court granted Mr. Baird's Motion for Summary Judgment. The court reasoned that Jeremy was engaged in personal matters when the collision occurred:

> . . . Defendant Jeremy Baird was picking up a pizza to bring to his . . . wife and children when the collision occurred. The Court finds that this activity is not within the course and scope of his employment with Exposure Advertising. In fact, the Court finds that the Defendant Jeremy Baird had just completed the one task he was asked to perform under his employment duties that day: to drop off a check in Gallatin, Tennessee. The Court finds that although the Defendant Jeremy Baird obtained permission from [Mr.] Baird to pick up [a] pizza, this activity was unrelated to the business of Exposure Advertising and the employment of Defendant Jeremy Baird. The fact that the Defendant Jeremy Baird picked up a pizza on his way home from performing the work-related task is not within the course and scope of his employment; therefore, the doctrine of Respondeat superior as to [Mr.] Baird does not apply.

This appeal followed.

## ISSUES

Plaintiff raises two issues on appeal:

1. Whether the trial court failed to appropriately apply Tenn. Code Ann. §55-10-311 and §55-10-312 as prima facie evidence of the vicarious liability of the defendant under the doctrine of *respondeat superior*, when (1) Terry Baird admitted he bought, registered, and titled in his name for personal and business use the vehicle that Jeremy Baird drove during the collision; and (2) no disinterested witnesses testified to support Terry Baird's motion for summary judgment that Jeremy Baird was no longer on company business at the time of the collision, as required by law?

- 3 -

2. Whether trial court erred in granting Terry Baird's motion for summary judgment when (1) genuine issues of material fact remained regarding whether Jeremy Baird planned to return the check to Terry Baird after picking up the pizza, and (2) whether the trip to pick up pizza was a minor deviation when (a) it was disputed whether he was on his way back to deliver the check, and (b) his father/employer, Terry Baird, had given Jeremy Baird permission to pick up the pizza?

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.* In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it "may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* at 265. Instead, the nonmoving party must respond with specific facts showing there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

## ANALYSIS

Plaintiff contends that summary judgment was inappropriate because Tenn. Code. Ann. §§ 55-10-311 and -312 establish prima facie evidence that an employee is acting within the scope of employment when the employee is driving a vehicle owned by the employer, and this evidence cannot be overcome on summary judgment with nothing more than the testimony of interested witnesses.

Plaintiff also contends that inconsistencies and ambiguities in the testimony of Mr. Baird, his wife Sonya Baird, and Jeremy create a genuine issue of material fact regarding whether Jeremy had completed his work duties when the collision occurred. We agree with Plaintiff on both matters.

## I. PRIMA FACIE EVIDENCE UNDER §§ 55-10-311

To impose liability in cases involving injuries caused by the operation of an automobile under the theory of respondeat superior, "it is necessary to show that the operator of a vehicle was acting as a servant or employee of the owner and in the course and scope of the employment at the time of the accident." *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 386 (Tenn. 1986). The purpose of Tenn. Code. Ann. § 55-10-311 is "to create one or more new rules of evidence . . . under which mere proof of ownership of an automobile effecting an injury, being negligently operated, should establish a prima-facie case of liability . . . against the owner." *Id.* at 387. The statute provides, in relevant part:

> In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, . . . **proof of ownership** of the vehicle **shall be prima facie evidence** that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner [and] **that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment**. . . .

*Id.* § 311(a). "Prima facie evidence is that which, standing alone, unexplained or uncontradicted, is sufficient to maintain the proposition affirmed." *Macon Cnty. v. Dixon*, 100 S.W.2d 5, 9 (Tenn. Ct. App. 1936) (emphasis added). Because Tenn. Code. Ann. § 55-10-312(a) has the same effect, we need only consider § 311 for the purposes of this appeal. *Ferguson v. Tomlin*, 656 S.W.2d 378, 379 n.3 (Tenn. Ct. App. 1983).

Mr. Baird does not dispute that Jeremy was his employee or that Jeremy was driving Mr. Baird's vehicle with Mr. Baird's authority, knowledge, and consent. But Mr. Baird disputes that Jeremy was acting within the course and scope of his employment at the time of the crash.

Because Tenn. Code. Ann. § 55-10-312(a) establishes a prima facie case of liability, the statute "has the effect of placing the burden of proof upon the owner to overcome that case by evidence." *Hamrick*, 708 S.W.2d at 387; *see Stone v. City of McMinnville*, 896 S.W.2d 548, 550 (Tenn. 1995) (recognizing that when a party produces evidence to support a prima facie case, "the burden shifts to the opposing party to present countervailing evidence."). Summary judgment on a claim falling under § 55-10-312 is appropriate only if the countervailing evidence is "so strong that reasonable minds could

not differ." *Hamrick*, 708 S.W.2d at 387. In other words, "[f]or a question of fact to exist, reasonable minds must be able to differ over whether some alleged occurrence or event did or did not happen or whether a particular condition did or did not exist." *Wilson v. Rubin*, 104 S.W.3d 39, 48 (Tenn. Ct. App. 2002) (citations omitted). Accordingly, "[w]hen a material fact is in dispute creating a genuine issue, when the credibility of witnesses is an integral part of the factual proof, or when evidence must be weighed, a trial is necessary because such issues are not appropriately resolved on the basis of affidavits." *Byrd*, 847 S.W.2d at 216. As Plaintiff correctly states in his brief:

> Tennessee Code Annotated sections 55-10-311 and 55-10-312 establish a prima facie case that a business vehicle is being operated within the course and scope of employment and for the registered owner's use and benefit. *Thurmon v. Sellers*, 62 S.W.3d 145, 152 (Tenn. Ct. App. 2001). To overcome this strong presumption, the owner must present "uncontradicted evidence to the contrary coming from witnesses whose credibility is not in issue." *Russell v. City of Memphis*, 106 S.W.3d 655, 657 (Tenn. Ct. App. 2002); *see also Thurmon*, 62 S.W.3d at 152. Tennessee law is clear that witnesses who are interested in the outcome of a case place their credibility in issue. *Godfrey v. Ruiz*, 90 S.W.3d 692, 696 (Tenn. 2002). Accordingly, testimony from interested witnesses is insufficient to overcome the strong presumption of the prima facie case of the owner-driver agency relationship created under Tennessee statute. *Id.*

Thus, as our Supreme Court has reasoned, summary judgment is not appropriate when the countervailing evidence consisted solely of the defendants' testimony because "their status as interested witnesses places their credibility in question." *See Godfrey*, 90 S.W.3d at 696. Similarly, summary judgment is not proper when it was "possible to draw different inferences from" the countervailing testimony. *See Hamrick*, 708 S.W.2d at 388; *cf. Collazo v. Haas*, 2011 WL 6351865 (finding genuine issue of fact when owners testified that no other employees had permission to drive truck, and the accident occurred at night in location where employer had no ongoing jobs). Moreover, summary judgment is improper when the countervailing evidence consisted of the affidavits of a defendant and his son because they were interested witnesses. *Strine v. Walton*, 323 S.W.3d 480, 488 (Tenn. Ct. App. 2010); *see also Lindsey v. Baker*, No. E2009-02451-COA-R3-CV, 2011 WL 6288034, at *7 (Tenn. Ct. App. Feb. 10, 2011) (affidavits from a defendant mother and her son insufficient to overcome evidence created by § 311).

On the other hand, we acknowledge that this court found summary judgment was appropriate when an employee was "on-call," but it was "undisputed that [the employee] was not scheduled to work on the day of the accident, that he was not responding to a call, and that he was not otherwise engaged in City business." *Russell v. City of Memphis*, 106 S.W.3d 655, 658 (Tenn. Ct. App. 2002). We also found summary judgment was appropriate when the countervailing evidence consisted of a defendant's interrogatory

response, denying there was an agency relationship between him and his daughter's roommate. *Ferguson*, 656 S.W.2d at 383; *see also Daniels v. Huffaker*, No. E2014-00869-COA-R3-CV, 2015 WL 2256788, at *6 (Tenn. Ct. App. May 12, 2015) (finding no evidence "that the vehicle was being operated by the owner's employee"); *Yearby v. Shannon*, No. 03A01-9509-CV-00345, 1996 WL 87446, at *4–5 (Tenn. Ct. App. Feb. 29, 1996) (finding "[n]either from the unrefuted facts nor the inferences to be drawn therefrom could reasonable minds differ" when the countervailing evidence consisted of owner's affidavit testimony); *Redd v. Air-Conditioning Serv., Inc.*, No. 88-149-II, 1988 WL 97227, at *3 (Tenn. Ct. App. Sept. 23, 1988) (finding employer-owner "presented [countervailing] proof upon which reasonable minds could not differ" when it was undisputed that employee took employer's truck home, drank five beers, and then left to find his own car).

As demonstrated, a myriad of circumstances may give rise to a prima facie case under § 55-10-311 and, thus, these cases do not lend themselves to a bright-line rule on what type of countervailing evidence is sufficient to prevail on a motion for summary judgment. Rather than attempt to fashion such a rule, we need only return to a fundamental precept of Rule 56: when considering a motion for summary judgment, "[t]he court is simply to overrule the motion where a genuine dispute exists as to any material fact." *Byrd*, 847 S.W.2d at 211. A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Rye*, 477 S.W.3d at 264. In this case, we find a reasonable jury could legitimately resolve the issue of whether or not Jeremy was acting within the course and scope of his employment when the collision occurred.

Here, it is undisputed that Jeremy drove Mr. Baird's vehicle on the afternoon of the crash to pick up a check from one of Mr. Baird's clients in Gallatin, Tennessee, and that the car crash occurred after Jeremy picked up the check but before it was delivered to his employer, Mr. Baird. Nevertheless, Mr. Baird and Jeremy testified in their depositions that Jeremy's workday was over after he picked up the check. According to Jeremy, he usually worked from 8 a.m. to 3 p.m. He did not need to keep track of his hours because he was paid a flat rate for every day he worked. Although Jeremy typically used his own car, his car was being repaired on the day of the crash. Thus, Jeremy borrowed Mr. Baird's car. Jeremy knew that the trip to Gallatin would take him close to Lebanon, Tennessee, where his favorite pizzeria was located, and he planned to pick up a pizza for dinner. Jeremy also planned to keep his father's car overnight because he "was getting supper and taking that home."

Mr. Baird's wife, Sonya Baird, who handled Mr. Baird's accounting, testified that Jeremy did not always return checks to the office at the end of the day:

> I don't know that he would have brought the check. He doesn't always do that. He might have brought it the next morning, because he was going to get dinner, and he probably would have gone home to eat dinner. He was

our son. So we wouldn't have been so strict to say he had to do that. The banks were closed. It wouldn't have mattered to us.

Similarly, in his deposition, Mr. Baird testified that he did not expect Jeremy to return to the office after picking up the check, and Jeremy's workday was over whenever he got "his stuff done." Mr. Baird stated that he knew Jeremy wanted to pick up a pizza on the way home:

The purpose for his drive was since he was going for me, that he wanted pizza. It was in Lebanon. Like he said, it's just a place to go get pizza. He just said, "Hey, I'm going to—you know, is it all right? When I get through, can I got get a pizza?" I said, "Well, sure. Just let me know when you're done." Then he called and said, "I'm done," and he was off.

Likewise, in his affidavit, Mr. Baird asserted that he "gave Jeremy permission to use the vehicle to pick up pizza for his dinner, but only after he completed all of his work, and was headed toward Woodbury."

Mr. Baird stated that "[h]ad he not been going for pizza, Jeremy would have taken his route back to Woodbury, which was not through Lebanon." But Mr. Baird also testified that Jeremy would have been traveling on the portion of Highway 109 where the accident occurred whether or not he was returning home or going to the pizza shop:

He had to be on the road he was going on whether he went home or whether he went to Lebanon. He had to be on that road at that location. Because when he got to Lebanon, he had to turn on 109 to go to Lebanon or go straight to get onto 840. So he was seven or eight miles back. So he wasn't out of the way from going to get a pizza or out of the way from going home.

The undisputed fact that Mr. Baird owned the vehicle and that Jeremy was his employee is "prima facie evidence" that Jeremy was acting within the scope of employment. Although Mr. Baird has presented countervailing evidence, reasonable minds could differ.

To begin with, Mr. Baird is undeniably an interested witness and, thus, his credibility is at issue. *See Godfrey*, 90 S.W.3d at 696 ("[Defendants'] status as interested witnesses places their credibility in question [and] simply fails to rebut the prima facie evidence established by statute"). Although Jeremy's testimony corroborates with that of Mr. Baird, Jeremy is not only an employee and co-defendant, but he is also Mr. Baird's son and, thus, his credibility is at issue. *See Strine*, 323 S.W.3d at 488 (testimony of co-defendant son that car was being driven without father's "authority, knowledge, and consent" failed to rebut the prima facie evidence established by statute because son was an "interested witness"). Finally, Ms. Baird's testimony was equivocal on whether

Jeremy would have returned to the office or not, and she had no personal knowledge of Jeremy's schedule that day.

Moreover, it was undisputed that Mr. Baird created the necessity for Jeremy's trip, and Mr. Baird testified that Jeremy was on a stretch of road he would have traveled whether or not he was going to the pizza restaurant or back to the office. Generally, "[i]f the employee's duties created a necessity for travel, then the employee is within the scope of employment while traveling, as long as the employee does not deviate from the employer's business and engage in conduct the employer had no reason to expect." *Tennessee Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 938 (Tenn. Ct. App. 1992). Further, "[i]f a trip is authorized by an employer for business purposes, then the return trip is also within the scope of employment as long as the employee has not deviated from the employer's business." *Id.* In most cases, whether an employee has deviated from the course and scope of his employment "will be regarded as involving merely a question of fact to be left to the jury." *Caldwell v. Adams*, 367 S.W.2d 804, 806 (Tenn. Ct. App. 1962).

Based on the foregoing, we find a reasonable jury could resolve for either party the issue of whether or not Jeremy was acting within the course and scope of employment when the collision occurred. Therefore, a genuine issue of material fact exists, and summary judgment was not appropriate.

### IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellee, Jeremy G. Baird.

_____
FRANK G. CLEMENT JR., P.J., M.S.