Mack W. O'Rear et ux., Plaintiffs in Error,

*v.*

Oman Construction Company and Chattanooga, Defendant in Error.

362 S.W.2d 217

(*Knoxville,* September Term, 1962.)

Opinion filed November 9, 1962.

Morgan & Garner, Alf R. O'Rear, Chattanooga, for plaintiffs in error.

Ellis K. Meacham, Chattanooga, for defendant in error Chattanooga.

652

Mr. Special Justice Tomlinson delivered the opinion of the Court.

The appeal in error by Mr. and Mrs. O'Rear is from the judgment of the Circuit Court dismissing their suit for damages against City of Chattanooga. Oman Construction Company was originally a party defendant, but went out by way of a voluntary non-suit.

The suit sought a recovery for alleged damages to their home by reason of dynamite blasting. After a voluntary non-suit was entered as to Oman, Chattanooga, which had theretofore entered a general issue plea, was allowed to file a special plea wherein it averred that Mr. and Mrs. O'Rear had entered into a "full settlement, accord and satisfaction of all claims" against Oman for damages arising out of the blasting. This special plea of the City concluded with the statement "that this settlement with its co-defendant is a complete bar of any claim for damages against said City. The covenant not to sue is not a part of the record.

Thereupon, by special replication, the O'Rears averred that in consideration of $1,225.00 paid, it had given Oman a written covenant not to sue wherein it is expressly provided that said covenant would in no wise

be a release of Chattanooga and "would in no wise constitute a settlement, accord or satisfaction as set forth in the pleadings."

Chattanooga demurred to this on the ground that the plaintiffs were barred from suing Chattanooga since plaintiffs' declaration sought damages against Chattanooga " on the theory of respondeat superior as alleged in their declaration." The Court sustained this demurrer, holding "that since plaintiffs can not now maintain an action against Oman Construction Company, the servant of defendant City of Chattanooga, they likewise can not maintain an action against the master."

While the Court, in support of its judgment, did not refer to any decision of any Court, it is clearly deducible from the language of the decree that the action of the Court was predicated upon *Stewart v. Craig*, 208 Tenn. 212, 344 S.W.2d 761. That is the decision strongly relied upon by Chattanooga on this appeal.

Whether *Stewart v. Craig* is, or not, applicable here, it is at least a step away from that very unjust enrichment rule of no contribution between joint tort-feasors.

Tennessee is the only State in the Union now adhering to the aforesaid rule. Perhaps this is because of this Court's very sound adherence to precedent and thinks, therefore, that the Legislature should make the change.

Attention is directed to the fact that *Stewart v. Craig*, almost at its beginning, specifically calls attention to the exact situation there existing, as follows on page 214, 344 S.W.2d on page 762:

"In the beginning we think it is well to point out that the covenant not to sue here given was not given

to one or more joint tort-feasors but was given to the employee of the defendants, *who in and for themselves were guilty of no wrongs,* but that any liability on them must be predicated *entirely* upon the negligent acts of the covenantee, that is, the one to whom the covenant was given not to sue. *Our courts have uniformly held that a covenant not to sue one tort-feasor does not affect the right to sue other tort-feasors.* We have no case though, as far as diligent counsel or the Court can find, in which a situation arises as that herein.'' (Emphasis added.)

That fact is here and there repeated in the opinion, and undoubtedly ruled the opinion reached.

But such is not the situation in the case at bar. The declaration of Mr. and Mrs. O'Rear does allege that Oman Construction Company was the servant or agent of Chattanooga. But the O'Rear's declaration also alleges that Chattanooga, independent of Oman, engaged in this blasting. That allegation is as follows:

''Likewise, *the defendant, City of Chattanooga,* a municipal corporation, *was* at the same time and at all times hereinafter complain of together with the Oman Construction Company and other contractors, both municipal and private acting under the scope and the authority and by the direction and under the control of the City of Chattanooga and upon contract with it and *it acting through its own agents or servants or employees was likewise engaged in the construction of a freeway system* hereinbefore described and that such construction hereinbefore described was *in the immediate proximity of these plaintiff's home* and particularly during the months of August, Sep-

tember and October of 1956 *these defendants* by or through their agents, servants, contractors and subcontractors who were acting under the direction of and while in the scope of their employment of one or both of these corporations used large quantities of dynamite or other explosive substances in the aforesaid construction in order to prepare a road bed for said expressway.'' (Emphasis added.)

The italicized language in the foregoing quotation conclusively establishes it as a fact that the declaration predicates liability against Chattanooga by reason of its independent negligence as well as liability as the master of Oman in this enterprise. So, the trial court erred in dismissing the suit against Chattanooga because of the voluntary nonsuit against Oman.

No party to this appeal in error, nor the trial court, makes any mention of the question of whether the declaration alleges a cause of action against Chattanooga, independent of the alleged negligence of Oman, by reason of the fact that it, Chattanooga, as master, caused Oman to blast with dynamite *''in the immediate proximity of these plaintiff's home.''* (Emphasis added.)

Since the appeal is sustained and the judgment will be set aside and the cause remanded for further proceedings on the ground heretofore stated, it does not become necessary for this Court to determine Chattanooga's independent liability because of the use of dynamite blasting at the time and place, and under the circumstances, alleged in the declaration. This situation is mentioned, however, for whatever consideration the parties may desire to give it in further proceedings after the remand.

Reversed and remanded for further proceedings in accordance herewith. All costs of the appeal will be adjudged against Chattanooga. The costs of the trial court will await final disposition of the case.