IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 21, 2011

ANNE LAVOIE and JODEE LAVOIE
v.
FRANKLIN COUNTY PUBLISHING COMPANY, INC.

Appeal from the Circuit Court for Franklin County
No. 17227CV/17241CV    Thomas W. Graham, Judge

No. M2010-02335-COA-R9-CV - Filed May 17, 2011

These consolidated actions are before this Court on a Tennessee Rule of Appellate Procedure 9 interlocutory appeal from the trial court's denial of summary judgment. We are asked to consider whether, as a matter of law, a plaintiff is barred from maintaining a suit against an employer under a sole theory of *respondeat superior* where the plaintiff settles her claim against the employee, executes a release of all claims as to the employee, but reserves her claim against the employer in a court order dismissing the employee with prejudice. We hold that the plaintiff's suit is barred. The judgment of the trial court is reversed, summary judgment is granted to the employer, and the case is dismissed.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed and Case Dismissed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Daniel M. Gass, Knoxville, Tennessee, for the appellants, Franklin County Publishing Company, Inc., d/b/a The Herald Chronicle.

B. Timothy Pirtle, McMinnville, Tennessee, for the appellees, Anne Lavoie and Jodee Lavoie.

**OPINION**

The trial court granted Appellant's motion for interlocutory appeal, and this matter is before us on the trial court's denial of summary judgment. Consequently, the facts below are adduced from the pleadings and the parties' statements of undisputed facts. The automobile

accident giving rise to this litigation occurred on May 5, 2005.  Plaintiff, Anne Lavoie, was driving an automobile in which Plaintiff, Jodee Lavoie, was a passenger (together, "Appellees"), when their vehicle was struck by an automobile driven by Defendant, Michael Parsley.[1]  At the time of the accident, Mr. Parsley was an employee of Defendant, Franklin County Publishing Company, Inc., d/b/a/ The Herald Chronicle ("Appellant").

Anne Lavoie apparently filed suit against Appellant and Mr. Parsley before later nonsuiting her action against Appellant only.[2]  On October 31, 2008, Anne Lavoie refiled her action in the Franklin County Circuit Court against Appellant.  Thus, at this point, Anne Lavoie had concurrent, separate actions filed against Mr. Parsley and Appellant.  On November 19, 2008, Jodee Lavoie filed her first complaint in the Franklin County Circuit Court against both Appellant and Mr. Parsley.[3]  In their respective complaints, the Lavoies allege that Mr. Parsley operated his vehicle in a negligent manner and that Mr. Parsley was acting in the course and scope of his employment with Appellant at the time of the accident.  Consequently, both Lavoies allege that Appellant is vicariously liable under the theory of *respondeat superior* for the negligent acts of Mr. Parsley.[4]  Neither complaint alleges that Appellant was directly negligent in causing the accident.  Both complaints seek compensatory damages in the amount of fifty-thousand dollars.

---

[1]Mr. Parsley is not a party to this appeal.

[2]Anne Lavoie's original complaint was filed October 25, 2006.  The order of nonsuit is not contained in the appellate record.

[3]No explanation is provided in the appellate record for Jodee Lavoie's apparent delay in filing suit.  In its answer, Appellant asserted that Ms. Lavoie's claim was barred by the statute of limitations; however, no ruling of the trial court on this issue is contained in the record and Appellant has not raised this issue on appeal.  Given the poor state of the appellate record, and given our decision herein, we decline to raise this issue, *sua sponte*, on appeal.

[4]Specifically, both complaints, which, aside from the minor discrepancies indicated in brackets below, contain identical allegations, state as follows:

> The negligence and negligence per se of [defendant] Michael Parsley[,] is imputed to defendant, Franklin County Publishing Company, Inc. d/b/a The Herald-Chronicle, by the doctrine of respondeat superior.  At the time of the collision, [defendant,] Michael Parsley was an employee of defendant, Franklin County Publishing Company, Inc. d/b/a The Herald-Chronicle, and was acting in the course of and within the scope of his employment and in the furtherance of the business of defendant, Franklin County Publishing Company, Inc. d/b/a The-Herald Chronicle.  Therefore, said defendant is liable to the plaintiff for all damages directly and proximately caused by Parsley.

On January 20, 2009, Appellant filed motions for summary judgment in both of its cases, asserting that Mr. Parsley was not acting in the course and scope of his employment at the time of the accident and that Appellant was, therefore, not vicariously liable.[5] In the meantime, both Lavoies entered into a settlement agreement with Mr. Parsley, in which, in exchange for a sum certain, both agreed to release Mr. Parsley from any liability stemming from the automobile accident on May 5, 2005.[6] Substantially identical orders of compromise and dismissal were entered in both cases against Mr. Parsely dismissing him with prejudice.[7] Both orders expressly state that each plaintiff reserves her cause of action against Appellant.

Following the Lavoies' settlement with Mr. Parsley, Appellant filed, in both of its cases, a supplement to its motion for summary judgment, asserting that, because the Lavoies' claims of vicarious liability against Appellant were derivative in nature, they could no longer maintain their suit once a settlement was reached with Mr. Parsley. By order of October 5, 2010, the trial court ruled on Appellant's summary judgment motion in Jodee Lavoie's case. The court denied Appellant's motion for summary judgment, finding that Ms. Lavoie effectively reserved her cause of action against Appellant. The court also found that it was questionable whether Mr. Parsley was acting within the course and scope of his employment with Appellant, but reserved ruling on this issue until after Mr. Parsley's deposition.

While Appellant's summary judgment motion in Anne Lavoie's case was still pending, the two cases were consolidated. Thereafter, Appellant filed a motion requesting the court to reconsider its denial of summary judgment in Jodee Lavoie's case and also seeking interlocutory appeal to this Court. By order of November 2, 2010, the trial court considered Appellant's pending summary judgment motion in Anne Lavoie's case, Appellant's motion for reconsideration in Jodee Lavoie's case, and Appellant's motion for interlocutory appeal. The trial court found that the law was not clear as to whether the Lavoies could pursue their case against Appellant after settling with Mr. Parsley. Therefore, the trial court denied Appellant's motions for summary judgment and reconsideration, but granted Appellant's motion for interlocutory appeal. On December 1, 2010, this Court granted Appellant's application for permission to appeal pursuant to Tenn. R. App. P. 9.

---

[5]Appellees' (presumed) responses to Appellant's motions for summary judgment are not contained in the appellate record. Therefore, we cannot ascertain what arguments Appellees made to the trial court in support of their position.

[6]The copy of the settlement agreement contained in the appellate record is not dated. The agreed settlement amount is handwritten and appears to be either $3,500 or $5,500 each.

[7]The orders of compromise and dismissal in Jodee and Anne Lavoie's cases against Mr. Parsely were entered, respectively, on August 20 and August 25, 2009.

The parties waived oral argument before this Court; therefore, we have considered the record before us, the parties' appellate briefs, and the appropriate authorities. Appellees allege that Appellant is vicariously liable for the acts of Mr. Parsley under the theory of *respondeat superior*, which permits a principal to be held liable for the acts of its agent. *See Tucker v. Sierra Builders*, 180 S.W.3d 109, 120 (Tenn. Ct. App. 2005).[8] Appellant, on the other hand, contends that any liability which may have attached under the theory of *respondeat superior* prior to Appellees' settlement with Mr. Parsley, was extinguished by virtue of the settlement. Thus, we are presented with the question of whether, as a matter of law, a plaintiff is barred from maintaining a suit against an employer under a sole theory of *respondeat superior* where the plaintiff settles her claim against the employee, executes a release of all claims as to the employee, but reserves her claim against the employer in a court order dismissing the employee with prejudice.

The trial court left unresolved the question of whether Mr. Parsley was acting within the course and scope of his employment at the time of the accident. In our view, if Appellees' suit against Appellant is barred by virtue of their settlement with Mr. Parsely, then the case is resolved and it does not matter whether Mr. Parsely was acting within the course and scope of his employment. On the other hand, if Appellees' settlement does not bar their suit, then we must remand to the trial court to resolve whether Mr. Parsley was acting within the course and scope of his employment. Thus, this Court is presented solely with a question of law, and our standard of review is *de novo* on the record with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

The question of law before this Court has been well settled in Tennessee. It is quite nearly blackletter law that a plaintiff is not permitted to pursue a claim against a principal based solely on vicarious liability when the plaintiff has settled with the agent and thereby released the agent from liability. *See, e.g., Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 107-08 (Tenn. 2010); *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 344-45 (Tenn. 2002); *Tutton v. Patterson*, 714 S.W.2d 268, 271 (Tenn. 1986); *Craven v. Lawson*, 534 S.W.2d 653, 654, 656-57 (Tenn. 1976); *Stewart v. Craig*, 344 S.W.2d 761, 762-63 (Tenn. 1961); *Olympia Child Dev. Ctr., Inc. v. City of Maryville*, 59 S.W.3d 128, 134-35 (Tenn. Ct. App. 2001); *McGee v. Wilson County*, 574 S.W.2d 744, 747 (Tenn. Ct. App. 1978).

---

[8]In order to hold a principal liable for the acts of another under the theory of *respondeat superior*, a plaintiff must prove: "(1) that the person causing the injury was the principal's agent and (2) that the person causing the injury was acting on the principal's business and acting within the scope of his or her employment when the injury occurred." *Tucker*, 180 S.W.3d at 120 (citing *Russell v. City of Memphis*, 106 S.W.3d 655, 657 (Tenn. Ct. App. 2002); *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992)).

This rule applies to all manner of claims asserting vicarious liability, including those arising from employer-employee relationships in which liability is based on the theory of *respondeat superior*. *See, e.g., Abshure*, 325 S.W.3d at 107; *Tutton*, 714 S.W.2d at 271; *Stewart*, 344 S.W.2d at 763; *Olympia*, 59 S.W.3d at 134-35; *McGee*, 574 S.W.2d at 747; *see also* Lawrence A. Pivnick, Tennessee Circuit Court Practice § 5:5, p.499-500 (2011). This rule is an exception to the general rule that a plaintiff may sue an agent (i.e., employee), principal (i.e., employer), or both. *Abshure*, 325 S.W.3d at 106.[9] Thus, once a plaintiff has settled with the employee, it may no longer maintain a suit based solely on the theory of *respondeat superior* against the employer.

This principle of vicarious liability is premised on the theory that, because the agent's liability is primary and the principal's liability derivative upon the agent's, once the agent can no longer be held liable, it is contradictory to maintain suit against the principal. *D.B. Loveman Co. v. Bayless*, 160 S.W. 841, 843 (Tenn. 1913). Recently, in *Abshure*, our Supreme Court concisely reviewed Tennessee caselaw on this issue, and noted that, while the rationale for the rule has not always been clearly explained by the courts, "the driving force behind the common law rule appeared to be that in the absence of the rule a plaintiff could receive more than one satisfaction for her injury." *Abshure*, 325 S.W.3d at 107-108 (quoting *Convit v. Wilson*, 980 A.2d 1104, 1115-16 (D.C. 2009)); *see also* RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 16 cmt. d, and reporters' note cmt. d.[10]

In this case, this point of law being clear, Appellees' argument rests on distinguishing the case of *Olympia Child Development Center, Inc. v. City of Maryville*, 59 S.W.3d 128 (Tenn. Ct. App. 2001). While the procedural history of that case is complex, the essential facts are these. An employee of the plaintiff daycare center was driving a van owned by the daycare when the van was struck by a vehicle operated by an off-duty police officer employed by the defendant City of Maryville. *Id.* at 130. The daycare filed suit against the police officer, and, in a separate action, filed suit against the city under a theory of vicarious liability. *Id.* at 130-31. After much ensuing litigation, the daycare settled its claims against

---

[9]Our Supreme Court noted in *Abshure* that Tennessee common law has identified four such exceptions: "(1) when the agent has been exonerated by a finding of non-liability; (2) *when the plaintiff has settled its claim against the agent*; (3) when the agent is immune from suit, either by statute or by the common law; and (4) when the plaintiff's claim against the agent is procedurally barred by operation of law before the plaintiff asserts a vicarious liability claim against the principal." *Abshure*, 325 S.W.3d at 106 (emphasis added); *see also Lebonheur*, 74 S.W.3d at 345.

[10]Tennessee's position on the effect of settlement with the agent on the liability of the principal is not a universal one. *See, e.g.,* RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 16 reporters' note cmt. d; J.D. Lee & Barry Lindahl, 1 Modern Tort Law: Liability and Litigation § 7:17 (2d ed. 2010); *see also Abshure*, 325 S.W.3d at 108 n.11; *Convit v. Wilson*, 980 A.2d 1104 (D.C. 2009).

the police officer by executing a "Release of All Claims" in exchange for a payment of money. *Id.* at 132. However, the daycare did not settle its vicarious liability claim against the city, and the settlement with the police officer made no specific mention of this claim or of the daycare's separate litigation with the city. *See id.* Once the suit against the city reached this Court, we affirmed the trial court's grant of summary judgment in favor of the city on the ground that the daycare's settlement with the employee police officer extinguished the liability of the employer city. *Id.* at 134.

Appellees assert that *Olympia* does not control because the settlement agreement in that case differs from the one here. Specifically, Appellees characterize the release in *Olympia* as an "unqualified release," which operated to release every entity that might be held liable under any theory. Appellees argue in their brief that, in this case, "the release expressly reserves the right of action against [Appellant]." The trial court was apparently convinced that *Olympia* was distinguishable on this basis. We find Appellees' argument unpersuasive for a number of reasons.

We first question Appellees' characterization of the release in *Olympia* as being "unqualified." Appellees' argument seems to imply that the plaintiff daycare in *Olympia*, in addition to releasing the employee police officer, also released the employer city by the same settlement agreement. Under the facts of *Olympia*, this was not the case. Rather, the principal, i.e., the city, was not a party to the settlement between the plaintiff and the agent. *See id.* at 132. The *Olympia* release did not mention the city and did not release it from liability. *See id* at 132. Thus, *Olympia* involved neither a principal settling with a plaintiff, nor a plaintiff voluntarily releasing a principal. Nevertheless, this Court raised the issue, *sua sponte*, whether the daycare's settlement with the employee released the city and concluded that it did.

We note that the settlement agreement in the instant case does not, itself, reserve a cause of action against Appellant. In fact, neither Appellant, nor Appellees' claim against Appellant, is mentioned in the settlement agreement. This may ultimately be of little significance, both for the reasons discussed below, and because orders of compromise and dismissal were entered in both cases dismissing Mr. Parsley with prejudice and noting that Appellees reserved their cause of action against Appellant. We can discern from these orders that Appellees and Mr. Parsley apparently agreed that their settlement agreement would not affect Appellees' right to pursue further action against Appellant. The question presented is what legal effect this agreement had.

In this case, Appellees and Mr. Parsley entered into an agreed order of compromise and dismissal memorializing their settlement agreement. Because this agreed order disposed of the rights and liabilities of Appellees and Mr. Parsley, it is properly referred to as an

agreed judgment. ***Ruckart v. Shubert***, 443 S.W.2d 466, 468 (Tenn. 1969). "An agreed judgment is in substance a contract of record made by the parties to the agreement." ***Tennessee Envtl. Council v. Water Quality Bd.***, 250 S.W.3d 44, 50-51 (citations omitted). "It is a contract made final and binding upon the parties to the contract." ***Id.*** at 51 (citing ***Barretsville Bank & Trust Co. v. Bolton***, 187 S.W.2d 306, 309 (1945). However, an agreed judgment is binding only on the parties thereto. ***Gardiner v. Word***, 731 S.W.2d 889, 893 (Tenn. 1987); ***Boyce v. Stanton***, 83 Tenn. 346, 1885 WL 2909 (Tenn. 1885); *see also* 49 C.J.S. Judgments § 240 ("A consent judgment acquires it[s] binding force from the voluntary acquiescence of the parties, and thus binds only the consenting parties."); Lawrence A. Pivnick, Tennessee Circuit Court Practice § 27:1, p.358 n.6 (2011).

Thus, Appellees and Mr. Parsley could not affect the legal rights of Appellant through an agreed order of compromise and dismissal to which Appellant was not a party.[11] For this reason, both the trial court and Appellees have incorrectly perceived the significance of Appellees' attempted reservation of their cause of action against Appellant. The focal point of the rule extinguishing the liability of the principal, once the plaintiff has settled with the agent, is on the release of liability of the agent, not the principal. That is, once the agent is released from liability by virtue of settlement with the plaintiff, the principal is automatically released. ***Olympia***, 59 S.W.3d at 135. This occurs by operation of law, and it is immaterial that Appellees attempted to save their suit against the principal by agreement with the agent. Under these circumstances, no agreement between Appellees and Mr. Parsley can preserve Appellees' cause of action against Appellant.[12] *See, e.g.,* ***Gilbert v. Sycamore Mun. Hosp.***, 622 N.E.2d 788, 797 (Ill. 1993) ("'any settlement between the agent and the plaintiff must

---

[11]We are not presented with a case in which the principal joined the settlement between the plaintiff and agent and, for whatever reason, allowed by contract that the plaintiff could maintain their suit against the principal. Consequently, we do not decide this issue.

[12]We are aware of the case of ***O'Rear v. Oman Construction Co.***, 362 S.W.2d 217 (Tenn. 1962), but conclude that it does not address the precise issue at hand. The plaintiffs in that case sued a construction company and the City of Chattanooga for damages to their home from dynamite blasting. ***Id.*** at 217. The plaintiffs' suit against the city alleged both direct negligence and vicarious liability for the construction company's actions under a theory of *respondeat superior*. ***Id.*** at 217-18. When the plaintiffs entered into a covenant not to sue the construction company, they also expressly reserved their right to sue the city. ***Id.*** at 217. The trial court ruled that the plaintiffs' settlement with the construction company precluded any action against the city. ***Id.*** The Tennessee Supreme Court reversed, holding that the plaintiffs had alleged independent acts of negligence against the city which were not barred by the plaintiffs' settlement with the construction company. ***Id.*** at 218. However, the Supreme Court did not address the effect of the plaintiffs' reservation of rights to sue the city. Consequently, ***O'Rear*** does not address the effect of a reservation, but merely holds that where a plaintiff alleges separate, independent acts of negligence against the principal, settlement with the agent does not extinguish the right of the plaintiff to sue the principal. In this case, Appellees did not make such independent allegations of negligence against Appellant. *See supra* note 4.

also extinguish the principal's vicarious liability' . . . regardless of whether the plaintiff's covenant not to sue the agent expressly reserves the plaintiff's right to seek recovery from the principal.") (quoting **American Nat'l Bank & Trust Co. v. Columbus-Cuneo-Cabrini Med. Ctr.**, 609 N.E.2d 285 (Ill. 1992)); **Atkinson v. Wichita Clinic**, 763 P.2d 1085,1090 (Kan. 1988) ("'Assuming, *arguendo,* that the plaintiff's release reserved to her all the rights she possessed at that time . . . we think when she accepted full satisfaction of the judgment against [the agent], she had no rights to reserve.'") (quoting **Jacobson v. Parrill**, 351 P.2d 194, 201 (Kan. 1960)); *see also* **Copeland v. Humana of Kentucky, Inc.**, 769 S.W.2d 70 (Ky. Ct. App. 1989); **J & J Timber Co. v. Broome**, 932 So.2d 1 (Miss. 2006); *but see* **Woodrum v. Johnson**, 559 S.E.2d 908 (W. Va. 2001); **Convit v. Wilson**, 980 A.2d 1104 (D.C. 2009).

Given that Appellees' attempted reservation was ineffective, we conclude that **Olympia** fits squarely with the present case. In both cases, the agent was released by virtue of settlement with the plaintiff, and, therefore, the principal's liability was simultaneously extinguished. Here, Appellant's liability was extinguished by "the mere fact that [Mr. Parsley's] liability was extinguished by the release." **Olympia**, 59 S.W.3d 128, 135 (Tenn. Ct. App. 2001). In affirming the grant of summary judgment to the principal, the **Olympia** court noted that "[i]f the agent can no longer be found liable in a judicial proceeding–and, in this case, he clearly cannot–then it automatically follows that the principal cannot be held liable, where, as here, the sole basis of the cause of action against the principal is vicarious in nature." **Id.** We discern no reason why this rule should change simply because the plaintiff and agent agreed amongst themselves to preserve the right to sue the principal.[13] Consequently, Appellees suit is barred.

This case is before the Court on interlocutory appeal of the trial court's denial of Appellant's motions for summary judgment. Aside from the question presented to this Court, the lone disputed issue was whether Mr. Parsley was acting within the course and scope of his employment. Our decision today is dispositive of this case. If Mr. Parsley was acting outside of the course and scope of his employment, Appellant cannot be held liable under *respondeat superior*. *See* **Tucker v. Sierra Builders**, 180 S.W.3d 109, 120 (Tenn. Ct. App. 2005). Conversely, even if Mr. Parsley was acting within the course and scope of his employment, Appellant cannot be held vicariously liable for Mr. Parsley's actions as a result of the release of Appellees' claim against Mr. Parsley. *See* **Olympia**, 59 S.W.3d at 135. Because vicarious liability was the sole cause of action alleged against Appellant, we conclude that Appellant is entitled to summary judgment.

---

[13]*See, e.g.,* **Gilbert v. Sycamore Mun. Hosp.**, 622 N.E.2d 788, 797 (Ill. 1993) (noting that under a rule permitting a plaintiff to reserve the right to sue the principal, "it is fair to surmise that no covenant not to sue an agent w[ould] ever lack such an express reservation of rights against the principal").

The judgment of the trial court is reversed, summary judgment is granted to Appellant, Franklin County Publishing Company, Inc., d/b/a/ The Herald Chronicle, and the case is dismissed. We remand for such further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are assessed one-half to Appellee, Jodee Lavoie, and one-half to Appellee, Anne Lavoie, for which execution may issue if necessary.

 

 

_____

J. STEVEN STAFFORD, JUDGE